## Horter *v.* Walsh, Appellant.

*Broker—Real estate broker—Commissions—Principal and agent.*
A real estate broker employed to secure a loan of ten thousand dollars from a building and loan association, is entitled to his commissions on this amount where it appears that he brought the matter of the loan to the attention of the association, and that the association agreed to loan the principal three thousand dollars at first and thereafter seven thousand dollars more on the completion of certain improvements on real estate, and that the principal through some fault of his own failed to secure any part of the loan over the three thousand dollars.

Argued Oct. 7, 1918. Appeal, No. 70, Oct. T., 1918, by defendant, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1917, No. 95, for plaintiff, on case tried

by the court without a jury in suit of Robert M. Horter v. M. J. Walsh. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commission for effecting a loan.

The case was tried by MACNEILLE, J., without a jury, who entered judgment for plaintiff for $355.75. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*Graham C. Woodward,* for appellant.—The broker in this case only earned commissions on the amount he obtained for his client: Faulkner v. Cornell, 80 N. Y. App. 161; Glover v. Duffy, 112 N. Y. Supp. 1099.

*Henry S. Callaway,* for appellee.—If the lender refuses to loan by reason of unmarketability of title, or if the principal refuses to take the loan, or by reason of any act of the principal, nevertheless the commission is earned and is payable: Middleton v. Thompson, 163 Pa. 112; Welch v. Dakin, 68 Pa. S. C. 361, &c.

OPINION BY TREXLER, J., November 30, 1918:

This is a suit by a real estate broker to recover commissions for the securing of a mortgage loan from a building association. The case was tried without a jury. The trial judge found for the plaintiff. Is there sufficient evidence to support his conclusion?

It appears that the plaintiff, at the request of the defendant, brought the matter of the loan to the association and a resolution was passed on July 16, 1917, granting a loan of $10,000, $3,000 at once and the remainder when the building would be completed, and the liens released. The defendant seems to have been satisfied with the services of the plaintiff and the conditions imposed on the loan, and the plaintiff as broker, having

done his part, dropped out of the transaction. The defendant obtained a receipt from him which reads as follows: "July 20th, 1917. Received from Michael J. Walsh, check for One Hundred & Fifty Dollars as part payment of a commission of Five Hundred Dollars due for placing of a Ten Thousand Dollar mortgage secured upon a certain garage to be built on #6200 Quincy St., said loan taken by the Clarion B. & L. Assn., Balance of Three Hundred & Fifty Dollars to be paid within sixty days. Robert M. Horter, the above is satisfactory to me, M. J. Walsh." Evidently in the contemplation of the parties at this stage of the transaction, the plaintiff was entitled to his commission. On August 28, 1918, the defendant in writing released the association of any obligation to loan him any more money, over and above the three thousand dollars already advanced. In September, 1917, the minutes of the building association were corrected so as to show that at the meeting of July 16th above referred to, the loan had never been granted absolutely, but was subject to the approval of the association.

The trial judge could well come to the conclusion that the loan had been passed as shown by the first minutes. Why did the association seek a release from the defendant if it was under no obligation to loan him any more money? The trial judge had the right to take into consideration all the documentary evidence before him and although the corrected minutes were prima facie evidence of the action of the association, under the circumstances they were not conclusive. The learned trial judge had requested that the original resolution should be produced, but this was not done nor its absence explained. The conclusion was .warranted that the loan had been granted, that the plaintiff had done all that was required of him, and that the failure of the defendant to get the money was due to his own fault. The plaintiff was therefore entitled to his commission: Middleton v. Thompson, 163 Pa. 112.

Judgment affirmed.