# Campbell *v.* Wade, Appellant.

*Real estate—Real estate brokers—Sales—Commissions.*

A real estate broker, employed to sell a certain property, is entitled to his agreed commission, where it appears that he procured a purchaser able, ready and willing to buy the property on the terms fixed by his principal, and that the latter prevented the consummation of the sale.

Under such circumstances it was not necessary to submit a duly signed contract of sale for the approval of the defendant. The plaintiff was not obliged to do a vain and useless thing, and the definite word of the defendant that any further attempts at sale would be useless, for a cause that had nothing to do with any dissatisfaction as to the terms and conditions thereof, absolved the plaintiff of the necessity of going through the useless form of preparing and having executed a contract, which he had been advised would be refused for wholly extraneous reasons.

Argued April 24, 1924. Appeal, No. 103, April T., 1924, by defendant, from judgment of C. P. Butler Co., June T., 1921, No. 33, on verdict for plaintiff in the case of A. V. Campbell v. Francis Henry Wade. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover commissions on sale of real estate. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $876.88 and judgment thereon.    Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and answers to points.

*James M. Galbreath,* and with him *Henninger & Henninger,* for appellant.

*Paul A. A. Core,* and with him *John B. Greer* and *Thomas H. Greer,* for appellee.

OPINION BY KELLER, J., July 2, 1924:

The appellant's brief and record are not prepared in accordance with our rules in force since January 1, 1923; nor do the assignments of error comply with either our old or new rules.    The appeal might well be quashed on these grounds.    We have, however, examined the case upon its merits and find no reversible error.

The action was in assumpsit to recover an agreed commission for the sale of real estate.    The defendant on October 14, 1919, by writing under seal, appointed plaintiff his sole agent for one year to sell and execute a contract of sale for a tract of 212 acres in Cecil Township, Washington County, Pennsylvania, for the sum of $15,000, on which plaintiff was to receive a commission of 5%.    The writing contained the following clause: "All oil, gas and all other mineral rights reserved, and to be reserved in the deed for said property by such clauses as shall be satisfactory to me.    All contracts for the sale of said property to be subject to my approval."

In pursuance of this authority, and within the time limited, the plaintiff secured a purchaser of the property, subject to such reservation of the oil, gas and other minerals as might be satisfactory to defendant, and so notified the latter and requested him to have his attor-

ney draw up the deed, or advise plaintiff who his attorney was, so that he could get in touch with him. In reply defendant wrote plaintiff that "my wife positively refuses to sign the deed, or to permit me to sell the property at present, and threatens trouble for all concerned if I attempt to do so. Therefore, as I cannot force her to sign the deed, I am unable to give a clear title and so we cannot make the sale, and it will be useless to make any further attempt to sell."

Defendant now denies liability for plaintiff's commissions on the ground that the latter never submitted to him for his approval a duly signed contract of sale embodying the terms contained in the writing authorizing him to sell the property; but this is not a sufficient ground of defense. Plaintiff was not obliged to do a vain and useless thing. The verdict of the jury establishes that the plaintiff secured a purchaser able and willing to buy the property on the terms fixed by appellant and notified the latter of his having done so, and that the failure to proceed further with the sale was due wholly to appellant's own action in calling it off because of his wife's refusal to join in the conveyance.

The definite word received from the appellant calling off the sale made by plaintiff and declaring all further attempts at sale useless, for a cause having nothing to do with any dissatisfaction as to the terms and conditions of sale, absolved the plaintiff of the necessity of going through the useless form of preparing and having executed a contract which he had been advised would be refused for wholly extraneous reasons. He was entitled to his agreed commission just as soon as he procured a purchaser able, ready, and willing to buy the property on the terms fixed by appellant and was prevented from consummating the sale solely by reason of the latter's sudden decision not to sell at all: Middleton v. Thompson, 163 Pa. 112; Clendenon v. Pancoast, 75 Pa. 213; Sweeney v. Oil & Gas Co., 130 Pa. 193; Reed's Excr. v.

Reed, 82 Pa. 420, 426; Horter v. Walsh, 70 Pa. Superior Ct. 442.

We find no error in the admission in evidence of the defendant's six letters specified in the assignments of error. They were all signed in the name of the defendant and the plaintiff testified they were received by him through the mails in the ordinary course of business. Four of them were answers to letters written by plaintiff to defendant: Comerer v. Patrons' Mut. Fire Ins. Co., 53 Pa. Superior Ct. 516, 524; Roe v. Dwelling House Ins. Co., 149 Pa. 94, 103; Eichenhofer v. Phila., 248 Pa. 365, 373; note to 9 A. L. R. 989-90; in one, an appointment was arranged by defendant with the plaintiff, which was duly kept; and the sixth was a reply to a letter of defendant's tenant, signed as the other letters were signed, and acknowledging the receipt of rent. The defendant did not deny sending them or authorizing them to be sent. He could not under such circumstances prevent their being received in evidence by evasive testimony of his inability to say whether the signatures were his or not.

Carbon copies of the letters from plaintiff to defendant should not have been received in evidence without first proving a call upon the defendant for the originals and his refusal to produce them. The error does not justify a reversal, however, for one of the letters thus received in evidence was not of any importance in the issue, and as to the other, the error was cured by the defendant producing the original.

The assignments of error are all overruled and the judgment is affirmed.