## Rubin *v.* Kosove, Appellant.

Argued March 26, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Harry A. Rutenberg,* for appellant.

*Benjamin H. Hellman,* with him *Louis Sherr,* for appellee.

OPINION BY ROSS, J., July 17, 1952:

This is an action of assumpsit brought by Richard I. Rubin, a licensed real estate broker, for the recovery of a commission from the defendant, Herman Kosove. After a jury verdict for the plaintiff and defendant's motion for a new trial was refused, this appeal followed.

The record will support the following statement of facts: In January of 1946 the defendant entered into a written contract to purchase premises known as 1502-04-06 West Thompson Street in Philadelphia. Plaintiff acted as agent for the vendor, one Milton Davis, in effecting the sale. The agreement of sale called for the payment of $15,000, and settlement was scheduled for April 10, 1946. "Probably within a month" of the signing of the agreement, defendant decided he had no use for the property and he authorized plaintiff to find a purchaser for the property at a minimum price of $15,750, the amount defendant was obligated to pay plus plaintiff's commission of 5 per cent. on the resale. In pursuance of the authority so granted, plaintiff, on April 5, secured a purchaser ready, willing and able to buy the property. Sometime in the morning of that day the plaintiff telephoned the defendant and informed him of that fact. The defendant instructed plaintiff "to get an agreement of sale and a deposit". Plaintiff did procure the purchaser's signature on an agreement of sale calling for the payment of $17,500 and a check for $1,000 as a down payment. After the agreement had been signed and the down money paid, plaintiff called defendant and arranged to meet him at 4 p.m. at the office of the attorney who represented Milton Davis, the original owner of the land. The defendant did not keep the appointment but sometime after 5 p.m. called the plaintiff and *for the first time* told him that on March 30

he had leased the property and because of the lease "I could not possibly sell the property".

Both in his answer to the complaint and on the trial of the case the defendant denied liability to the plaintiff solely on the grounds (1) that he had not engaged the plaintiff as his agent for the sale of the premises, and (2) that before the plaintiff secured a purchaser ready, willing and able to buy he had notified the plaintiff that he had entered into a lease for the property, and, therefore, was unable or unwilling to sell the property. These defenses raised issues of fact which were determined against the defendant by the verdict of the jury. However, the defendant now contends that by his leasing of the premises the authority of the plaintiff was revoked and he is not entitled to a commission even though he had no notice of such leasing until after he had secured a purchaser. With this contention we cannot agree.

It is our opinion that to avoid liability for payment of the plaintiff's commission it was obligatory on the defendant, before the plaintiff fulfilled the terms of his agency by procuring a purchaser ready, willing and able to buy, to notify him that the property had been leased and that the defendant would not be able to consummate a sale. As to the necessity of notice to constitute a revocation of an agent's authority to effectuate the terms of his employment, see 12 C. J. S., Brokers, sec. 66, page 152; 8 Am. Jur., Brokers, sec. 46, page 1010.

The defendant raises other questions relative to admissibility of evidence, charge of the court, and enforceability of the sales agreement secured by the plaintiff from his purchaser. These questions are as devoid of merit as the defendant's contention that the plaintiff's authority was revoked, and they do not require discussion.

The plaintiff fulfilled the terms of his agreement when he secured a purchaser ready, willing and able to buy the property and he is entitled to his commission even though the action of the defendant prevented a consummation of the sale. Cf. *Campbell v. Wade,* 83 Pa. Superior Ct. 415.

Judgment affirmed.