# Comerer, Appellant, *v.* Patrons' Mutual Fire Insurance Company of Southern Pennsylvania.

*Insurance—Fire insurance—Evidence as to existence of policy—Case for jury.*

1. In an action to recover on a fire insurance policy where the plaintiff does not produce the policy, and the defendant denies its existence, the case must be submitted to the jury, where the evidence for the plaintiff, although contradicted, tends to show that the plaintiff had in her possession at the time of the fire a policy for an amount stated and issued in a year named, that it covered the property destroyed by the fire, had been issued by the company defendant, and had been delivered to the secretary of the company after the date of the fire. In such a case the defendant cannot set up as a defense that the suit had not been brought within twelve months from the date of the fire, where there is no proof whatever one way or the other, of the existence in the policy of any provision that suit should be brought within such time.

*Evidence—Letter—Handwriting.*

2. Where a letter is received by due course of mail and purports to come in answer from a person to whom a prior letter has been sent, the receipt of such letter makes a prima facie case in favor of its genuineness and dispenses with the proof of the handwriting of the sender.

3. Where a witness produces a letter which the sender admits to be genuine, such witness is competent to testify that a second letter, the genuineness of which is denied, was signed in the same way, and came through the mails from the same post office as the first letter.

*Evidence—Interest of witness—Divestment of interest.*

4. Where the court has passed upon the good faith of an assignment by which a witness has divested himself of all interest in the controversy, and the witness has been permitted to testify, the question of the good faith of thè assignment cannot subsequently be submitted to the jury.

Argued March 10, 1913.   Appeal, No. 17, March T., 1913, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1910, No. 295, on verdict for defendant in case of Percy L. Comerer, Administrator of Rachel E. Comerer, deceased, v. Patrons' Mutual Fire Insurance Company of Southern Pennsylvania.   Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Reversed.

Assumpsit on a policy of fire insurance.   Before Sadler, P. J.

The facts are stated in the opinion of the Superior Court. · Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1–3) in giving binding instructions for defendant, (4) in entering judgment on the verdict; (5) ruling as to the lost letter, and (6) as to the competency of H. S. Mohler.

*E. M. Biddle, Jr.*, with him *Herman Berg, Jr.*, for appellant.—The case was for the jury: Second Nat. Bank v. Hoffman, 229 Pa. 429; Darrah v. Kadison, 51 Pa. Superior Ct. 133.

The company obtained possession of the policy well within the time limit, and destroyed it, thus putting it beyond the realm of probability that plaintiff would know of any special limitation upon his right to bring this action: Thompson v. Ins. Co., 136 U. S. 287 (10 Sup. Ct. Repr. 1019); Harold v. Ins. Co., 2 Pa. Dist. Rep. 503; Coursin v. Ins. Co., 46 Pa. 323; Harris v. Ins. Co., 3 Lack. Leg. News, 258; Nat. Ins. Co. v. Brown, 128 Pa. 386; Hocking v. Ins. Co., 130 Pa. 170.

Mohler was an incompetent witness: Arrott Steam Power Mills Co. v. Mfg. Co., 143 Pa. 435; Hamill v. Royal Arcanum, 152 Pa. 537; Gunster v. Jessup, 196 Pa. 548; Gantt v. Cox & Sons Co., 199 Pa. 208; Rudolph v. Rudolph, 17 Pa. Superior Ct. 558; Greensburg Bldg. & Loan Ass'n v. Bates, 36 Co. Ct. R. 257.

The offer of plaintiff to show by Mrs. Redding the contents of the letter received by her mother from H. S. Mohler, the secretary, a few days after the fire should have been admitted.

*S. B. Sadler,* with him *Geo. M. Hays,* for appellee.— Practically all of the questions raised by the present appeal were disposed of adversely to the contentions of the appellant in a prior proceeding before the court of common pleas, which, upon appeal, was affirmed by the Superior Court: McCrea v. Patrons' Mutual Fire Insurance Co., 46 Pa. Superior Ct. 618.

The parol evidence of a lost writing will not satisfy unless the witness has read the writing or is able to testify to its contents: Coxe v. England, 65 Pa. 212; Richards's Appeal, 122 Pa. 547; VanHorn v. Munnell, 145 Pa. 497; Bolton's Estate, 14 Pa. C. C. Rep. 575.

In the absence of proper proof of waiver, the provisions as to the time of bringing suit is conclusive, and if not brought within the period fixed, no recovery can be had: Universal Mutual Fire Insurance Company v. Weiss, 106 Pa. 20.

Mohler was a competent witness: Semple v. Callery,

184 Pa. 95; Walls v. Walls, 182 Pa. 226; Fell v. McHenry, 42 Pa. 41; Simmons v. Oil & Mining Company, 61 Pa. 202; Morgan v. Lehigh Valley Coal Co., 215 Pa. 443.

The competency of the witness to express an opinion as to the signature was a matter clearly for the court, and it was not error to refuse to allow the jury to review the ruling of the court thereon: Wilson v. VanLeer, 127 Pa. 371; Porter v. Wilson, 13 Pa. 641.

OPINION BY MORRISON, J., April 21, 1913:

This is an action of assumpsit on a policy of insurance. At the close of the trial the learned trial judge gave a binding instruction in favor of the defendant on the ground that the suit had not been brought within twelve months from the date of the fire. Judgment having been entered on the verdict, the plaintiff appealed. The charge of the court and the affirmance of defendant's single point, "that under all the law and the evidence the verdict must be for the defendant," were duly excepted to.

A careful examination of the record, arguments of counsel and authorities cited by them convinces us that the case was for the jury and, therefore, the first four assignments of error must be sustained for reasons which will hereafter appear in this opinion.

The plaintiff's theory is that a $500 policy was issued on Mrs. Rachael E. Comerer's tenant house in 1905 and that at the date of the fire she had in her possession said policy which had been written and delivered to her by the defendant company. There was pointed testimony supporting this theory by Percy L. Comerer, plaintiff, and his sister, Mrs. Zatae Redding, who both testified that they saw the policy, after the fire, in the possession of Mrs. Comerer. This testimony raised a very important question of fact because the defendant contended that the only policy issued to Mrs. Comerer was in 1900, and that it was merely extended or renewed in 1905 for another term of five years and that it provided for only $355 insurance on the tenant house which was totally

destroyed by fire on August 15, 1908. (Mrs. Comerer died August 3, 1909.) The policy which the defendant contended for is the one that defendant claims was canceled prior to the fire. There is positive testimony on the part of the plaintiff that from 1905, till the date of the fire there was no other building on the premises where the insured tenant house was burned. This gives rise to a question of fact, to wit, was there a $500 policy issued by the defendant company on the tenant house in 1905, and was it in the possession of Mrs. Comerer at and after the fire? If the plaintiff is right on this contention then the defense that the policy was canceled and filed away in the company's office before the fire is not true.

Defendant's learned counsel contends strongly that there was only one policy and it was sent to the company by Mrs. Comerer before the fire with the indorsement quoted below, which was on a notice of assessment No. 12 which the secretary of the defendant company said he had mailed to her: "Mr. H. S. Mohler. Enclosed find my policy I am tired paying assessments. Rachael E. Comerer." But Mrs. Comerer's daughter, Mrs. Redding, testified that the above-quoted indorsement was not written by her mother. This seems to raise another important question of fact for a jury. Mr. Mohler, secretary of the defendant company, claims that there was only one policy and that he produced it at the trial and that it was the canceled policy. But if the plaintiff and his sister, Mrs. Redding, testified truthfully, and they are not mistaken, then Mrs. Comerer had in her possession the $500 policy, issued by the defendant company, after the fire, and she sent that policy to the company through J. K. Beidler, a director, and he delivered it to H. S. Mohler, secretary. In this connection we refer to the testimony of Mrs. Redding that she saw Mr. Mohler on March 11, 1909, in his office in Mechanicsburg; that she told him her mother asked her to get her policy and bring it home and that he told her he had destroyed the policy; that he had burned it. He said they burn hundreds of

them.   He said we could not walk if we kept them piled up here.

Upon all of the evidence the jury might have found that there was a policy issued by the defendant company to Mrs. Comerer in 1905 for $500 on her tenant house alone; that Mrs. Comerer had this policy in her possession after the fire; that she intrusted it to Mr. Beidler, a director of the defendant company, and he delivered it to Mr. Mohler, secretary, and if the jury so found, then the defendant's claim that the policy was canceled prior to the fire for nonpayment of assessment No. 12 would be overthrown. But it is said that the records of the defendant's office show no such policy as plaintiff claims upon.   This may or may not be so.   It is at least possible that the company, instead of renewing the old policy, issued a new one in 1905 for $500 to Mrs. Comerer on her tenant house and it is also possible, if that was done, that no record was made of said policy in the office of the company.   If the case had gone to the jury and it had so found, it might have further found that said policy was not canceled' for nonpayment of assessment No. 12 because the insured received no notice of said assessment, and because the policy was, at the date of the fire, in the plaintiff's possession.   The above theory, which is not impossible and may be reasonable, may account for much that seems confusing and contradictory in this case.

It is argued that plaintiff made out no case for the jury. But there was positive evidence of the amount of the policy and that it was issued by the defendant company in 1905, in the amount of $500 on Mrs. Comerer's tenant house, and that the insured property was totally destroyed by fire on August 15, 1908, of which the company defendant had notice.   If it be true that this policy was sent to Mr. Mohler by the insured after the fire and he burnt it, then it hardly lies in the mouth of the defendant company to complain that the contents of the policy were not sufficiently proved.   It is probable that no ordinary person could look at a policy and several years thereafter

tell much more of its contents than its date and amount and the property insured by it and name the company.

In addition to all of this it would be very remarkable if Mrs. Comerer knew that her policy had been sent by herself to secretary Mohler and he had canceled it before the fire for nonpayment of assessment No. 12, that she would have taken so much trouble to give notice of the fire and send her policy to the company and claim payment thereunder, and it is further remarkable that her son and daughter should both have testified to seeing the policy after the fire and that Mrs. Redding should have testified that Mohler told her that he had burned the policy.

The above are some of our reasons for sustaining the first four assignments of error and holding that the case ought to have gone to the jury.

As to the suit not being brought within twelve months after the fire we have this to say. First, if the jury should find that Mrs. Comerer had in her possession at the date of the fire the $500 policy above referred to and that she received no notice of assessment No. 12, and that she sent said policy through Mr. Beidler to H. S. Mohler, secretary of defendant company, and he burnt it, and then fraudulently set up that there was only one policy and that it was canceled before the fire for nonpayment of assessment No. 12, then in our opinion the defendant company would be estopped from defending against the said $500 policy, claimed upon in this suit, on the ground that the suit was not brought within twelve months of the fire. Second, if there was such a $500 policy as the plaintiff claims upon, there was no proof at all, when the court directed a verdict for defendant, that said policy contained a clause requiring suit to be brought within said period of twelve months. The defendant was denying that there was such a policy and was setting up another canceled policy which did have that proviso in it. Therefore there was a question of dispute as to which party was right as to the policy and that question ought to have

gone to the jury under proper instructions. Of course the burden rested on the plaintiff to satisfy the jury that there was in force the policy he claimed under. If said policy was in the possession of Mrs. Comerer after the fire and it did not contain the twelve months' limitation, then we can see no reason why the plaintiff could not bring suit thereon at any time within six years from the date of the fire.

We will now consider the remaining assignments. The fifth assignment relates to the refusal of the court to permit the plaintiff to show by the testimony of Mrs. Redding the contents of a lost letter sent by Mohler, secretary, to the plaintiff's intestate, shortly after the fire which caused the damage complained of. Mr. Biddle: "Q. State whether or not a few days after the fire your mother received a letter signed H. S. Mohler? A. Yes." Objected to. Mr. Biddle: "We propose to prove by the witness on the stand that a few days after the fire her mother received a letter from Mechanicsburg, through the United States mails, which letter was signed H. S. Mohler; that the said letter referred to the fire testified to by the witness; that it acknowledged the receipt from W. A. Beetem, who was named as an agent of the company, of a notice sent to said W. A. Beetem by Mrs. Comerer; that the writer stated that the company would not pay the loss for the reason that Mrs. Comerer's policy had been cancelled in the preceding year, on account of the alleged nonpayment by her of assessment No. 12, levied in August, 1906; to be followed by the evidence of the witness that her mother subsequently received another letter, signed in the same way, through the mails, from Mechanicsburg, which second letter the witness showed to H. S. Mohler in Mechanicsburg, and he admitted that he had written it, and that some of the statements in the second letter, which will be offered in evidence, were similar to those contained in the first letter; this for the purpose of showing notice to the company, and refusal to pay on a specified ground, which ground is

the same as one of those insisted upon, to wit: the cancellation of the policy prior to the fire." Mr. Sadler objected to this offer. By the Court: "It is not proposed to show that the witness is acquainted with the handwriting of Mohler, she already having stated that she never compared the signature of the alleged last letter with the one which is now referred to. So there was neither an acquaintance with his handwriting, nor was she offered as an expert; the offer is overruled, the plaintiff excepts and the bill is sealed."

We are of the opinion that the offer was competent and that the learned court erred in excluding it. We think the receipt of a letter under the circumstances detailed in the offer makes a prima facie case in favor of its genuineness and dispenses with the proof of the handwriting of the sender: 1 Greenleaf on Evidence, 16th ed., sec. 575; 2 Wharton on Evidence, 2d ed., sec. 1328. The latter authority is as follows: "If I should mail a letter to B., addressing him at his residence, and I should receive by mail an answer purporting to come from B., the fact that such an answer is so received makes a prima facie case in favor of the genuineness of the answer. The subalterns of the post-office are government officials, whose action is presumed to be regular; and if I can prove that B. lived at the place where he was addressed, then the burden is on him to show that he did not receive the letter, and that the reply mailed in response was not genuine." 4 Wigmore on Evidence, sec. 2519, p. 3566, is to the same effect. In 3 Wigmore on Evidence, sec. 2153, p. 2920, we find the following: "When a letter is received by due course of mail, purporting to come in answer from the person to whom a prior letter has been sent, there are furnished thereby, over and above mere contents showing knowledge of facts in general (ante, sec. 2148), three circumstances evidencing the letter's genuineness: First, the tenor of the letter as a reply to the first indicates a knowledge of the tenor of the first. Secondly, the habitual accuracy of the mails, in delivering a letter to the person addressed

and to no other person (ante, sec. 95), indicates that no other person was likely to have received the first letter and to have known its contents. Thirdly, the time of arrival, in due course, lessens the possibility that the letter, having been received by the right person but left unanswered, came subsequently into a different person's hands and was answered by him. To this may be added the empirical argument that in usual experience the answer to a letter is found in fact to come from the person originally addressed. There seems to be here adequate ground for a special rule declaring these facts, namely, the arrival by mail of a reply purporting to be from the addressee of a prior letter duly addressed and mailed, are sufficient evidence of the reply's genuineness to go to the jury. Such a rule—varying slightly in the phraseology of different judges—seems now to be universally accepted."

But in addition to this Mrs. Redding, the witness, had also read and produced a letter from Mohler which she had showed to the latter and he had admitted its genuineness and the offer was to show it was signed in the same way and came through the mails from Mechanicsburg as did the other one, and we think this rendered Mrs. Redding competent to testify as to the signature to the last letter, the weight of her testimony of course being for the jury. Mohler having admitted writing and signing the second letter and the offer being that both letters were signed in the same way, we think it ought to be assumed now that Mrs. Redding would have testified that they were both signed by the same person: 1 Greenleaf on Evidence, 16th ed., secs. 576 and 577. The fifth assignment is sustained.

The sixth assignment raises the question of the competency of H. S. Mohler to testify for the defendant. It seems to be conceded by the respective counsel that Mohler being a policy holder in the defendant company, and being liable on his premium notes, and Mrs. Comerer being dead, he was not competent to testify to matters occurring during her lifetime, but the learned court below

found that Mohler had, to make himself competent to testify in a prior suit, surrendered his policies and his premium notes having been canceled, that he was thereby made competent to testify in the present case. The question of Mohler's competency was to be determined by the court: "Whether a release has been executed in good faith by one who is called as a witness under sec. 6 of the Act of May 23, 1887, P. L. 158, is a question preliminary to the question of competency.

"Where the court has passed upon the good faith of an assignment by which a witness has divested himself of all interest in the controversy, and had permitted him to testify, the question of the good faith of the assignment cannot subsequently be submitted to the jury:" Semple v. Callery, 184 Pa. 95. To the same effect is Walls v. Walls, 182 Pa. 226. See also Fell v. McHenry et al., 42 Pa. 41. Under the conceded facts we are not convinced that the learned court erred in holding that Mohler was a competent witness and, therefore, the sixth assignment is not sustained.

But of course the effect of Mohler's oral testimony was for the jury.

We are of the opinion that the plaintiff was entitled to go to the jury and having sustained the first five assignments of error, the judgment is reversed with a venire facias de novo.