## WILLIAMSON v. DAVIS.

No. 7942—Opinion Filed Aug. 14, 1917.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 567.)

**1. Estoppel—Conveyance Subject to Lease —Grantor's Attack on Lease.**

Where one purchases property and accepts a deed thereto which conveys the same to him subject to a lease thereon held by another, he cannot deny or dispute the right to said lease thus recognized by the provisions of said deed.

**2. Evidence—Letters—Authenticity.**

The facts in this case held sufficient to justify the introduction of certain letters in evidence within the rule announced in Comanche Merc. Co. v. McCall Co., 52 Okla. 782, 153 Pac. 675.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County: John W. Hayson, Judge.

Forcible entry and detainer by T. Davis against John Williamson. Judgment in justice court for plaintiff, and, from a judgment for plaintiff in the district court on

appeal, defendant brings error. Affirmed.

McAdams & Haskell, for plaintiff in error.

Chas. B. Selby, for defendant in error.

Opinion by HOOKER, C. This is an action for forceable entry and detainer, instituted by Davis against Williamson in the justice court, wherein judgment was rendered in favor of Davis, and an appeal had to the district court of Oklahoma county and the cause tried de novo on the 2d day of October, 1915, and judgment again rendered for Davis, from which judgment the plaintiff in error has appealed here.

The property in controversy was occupied by Davis for some years prior to the year 1915 under a lease from one Mrs. Roberts, the then owner of the property; and on the 11th day of March, 1915, John Williamson purchased this property from the said Ella Roberts and her husband, and by deed of that date the same was conveyed to John Williamson and Mabel Williamson by the said Ella Roberts and her husband subject to a lease held by the defendant in error, Tank Davis, on said premises for the year 1915. It is asserted by Davis that, at the time of the purchase of this property from Mrs. Roberts by Williamson, he held possession of said property as a tenant of Mrs. Roberts under a lease for the year of 1915, and that Williamson purchased this property subject to his lease, and it is contended by Williamson that Davis did not hold all of said property for the year 1915, but only a part thereof, and that, before he purchased the property from the said Roberts, Davis agreed to surrender possession of this property and stated to them that he did not have said property leased for the year 1915' and acting upon his representations and statements they had purchased the property believing that possession could be procured by them for the year 1915. The conveyance to Williamson, upon which he relies for his title, and upon which he bases his right to possession, expressly conveys this property subject to a lease held thereon in 1915, by the defendant in error, Tank Davis. Unquestionably, the plaintiff in error, having accepted a deed to this property, which was by him placed of record, thereby takes the same subject to all the provisions thereof, and by the express terms of this deed he recognizes the validity of the lease held by Tank Davis upon this property for the year 1915, and is not in a position to controvert or to deny the validity of this lease.

This court, in Nation v. Bank, 29 Okla. 821, 119 Pac. 977, 978, said:

"Text-writers and courts, without dissent, seem to accept as the correct rule the doctrine that one who takes a conveyance absolute or conditional, reciting that it is second or subordinate to some other mortgage or lien, is not the purchaser of the entire thing conveyed thereby, but that he purchases only the surplus or residuum after satisfying the other incumbrances, and that he is estopped to deny the existence of a prior mortgage or the validity of the lien, although it be not acknowledged, recorded, or filed as required by the statutes. * * *"

The recitation in this conveyance is to the effect that Tank Davis holds a lease on said premises for the year 1915, and not on a part of it. It therefore may be safely asserted that by the provision of the deed the plaintiff in error is estopped to deny the lease on said premises for the year 1915 held by Tank Davis.

We regard this question as decisive of this cause; but, inasmuch as the plaintiff in error so earnestly insists that the trial court committed error in permitting the defendant in error to introduce certain letters alleged to have been received by him from Mrs. Roberts, the then owner of the property, relative to the lease of this property for the year 1915, we will consider this assignment of error and present our views upon this question.

Under the evidence Davis had occupied this property for three or four years by virtue of contracts or leases made by him with Mrs. Roberts, and some of these were written leases which purported to bear her signature duly attested by witnesses, and during the course of this occupancy numerous letters passed pro and con between Davis and Mrs. Roberts relative to the property involved, and several remittances were made by Davis to her, and this correspondence was of such a nature that, in the natural order of things, it could not have passed between any parties save Mrs. Roberts, the owner of the property, and Davis. her tenant. In our judgment this evidence was sufficient to bring the letters within the rule announced by this court in Comanche Merc. Co. v. McCall Co., 52 Okla. 782, 153 Pac. 675, wherein it is said:

"The rule is well established that. to render a letter not in response to a letter previously sent to the alleged writer admissible in evidence, its authenticity must be established either by proof of the handwriting or by other proof establishing its genuineness."

There was a series of letters that passed between these parties for some years, and it is said in 17 Cyc. 411:

"A letter received in the due course of

mail purporting to be written by a person in answer to another letter proved to have been sent to him is prima facie genuine, and is admissible in evidence without proof of the handwriting or other proof of its authenticity. * * *"

The question of acceptance by Davis of the property for the year 1915 was decided adversely to the plaintiff in error by the jury, and, there being evidence to support the verdict, this cause is affirmed.

By the Court: It is so ordered.