No. 24,514.

MOTOR CAR SALES COMPANY, *Appellant*, v. MYRTLE BROWN et al., *Appellees*.

### SYLLABUS BY THE COURT.

REPLEVIN—*Evidence—Lost Letters—No Foundation Laid for Secondary Evidence—Secondary Proof Erroneously Admitted*. Agency cannot be proved by the declarations of the supposed agent, nor by secondary proof of the contents of an unauthenticated letter where there has been no effort made to obtain primary evidence of the contents of the letter.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed February 9, 1924. Reversed.

*Thomas C. Wilson, Henry Lampl*, and *Zoland Rosenbloom*, all of Wichita, for the appellant.

*George McGill, Victor J. Rogers*, and *James A. Conley*, all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover the possession of a Jordan roadster automobile from defendant Myrtle Brown. The plaintiff based its right to recover on a chattel mortgage on the automobile given by defendant Nicodemus. Judgment was rendered in favor of Myrtle Brown who had possession of the car, and the plaintiff appeals.

Plaintiff was a corporation engaged in selling automobiles in El Paso, in El Paso county, Texas. Defendant Nicodemus was engaged in the automobile business at Clovis, in Curry county, New Mexico. The plaintiff sold the car in controversy to Nicodemus and in part payment took notes secured by a chattel mortgage on the car. The chattel mortgage was recorded in El Paso county Texas,

and in Curry county, New Mexico. Defendant Myrtle Brown purchased the car from Nicodemus at Clovis and paid him the full purchase price therefor. Four hundred fifty dollars became due on the notes to the plaintiff and remained unpaid.

The case turns on the agency of Nicodemus to sell the car for the plaintiff. It is contended that there was no competent evidence to prove that agency. There was evidence which tended to show that, over Nicodemus' place of business in Clovis, there was a sign which read "Motor Inn Sales Company," "Jordan & Packard Sales House," or "Sales Room"; that at the time Myrtle Brown purchased the car from Nicodemus a conversation was had between them in which she asked him concerning his agency to sell the car and to which he responded that he was such an agent and invited her into his office to see some letters which he had received from the plaintiff; that she went into the office and saw the letters; that the letters were written on stationery with the name of the plaintiff printed thereon; that they were signed "Motor Sales Company"; and that the envelopes in which the letters came bore the postmark "El Paso, Texas." Without any foundation for the introduction of secondary evidence, without further identification of the letters, and without proof of signature to the letters, she was permitted to testify that one of them urged Nicodemus to be more diligent in selling cars and asked him if he could use another shipment. Another witness, who was with Myrtle Brown when she purchased the car, testified that Nicodemus said he was representing the Motor Car Sales Company of El Paso, Texas. All of that evidence was objected to on the ground that the agency of Nicodemus could not be proved by his declarations; that the evidence of Myrtle Brown concerning the contents of those letters was not the best evidence; and that she had not shown herself qualified to answer the questions. There was no other evidence to show that Nicodemus was the agent of the plaintiff. The president of the plaintiff testified that Nicodemus was not the agent of the plaintiff and that the plaintiff had not written any letters to Nicodemus concerning his acting as agent for the plaintiff, or in which he was referred to as agent for the plaintiff.

The defendant argues that secondary evidence of the contents of the letter was admissible because the plaintiff had denied that such letters had been written and because of the testimony of the president of the plaintiff. The plaintiff did not have the letter concerning which the defendant testified. That letter, at the time she saw

it, was in the possession of Nicodemus. His evidence could have been taken. The authenticity of the letter could have been shown by him, and primary evidence of the contents of that letter could have been obtained. There was no foundation for the introduction of secondary evidence.

In *Brook v. Cottingham*, 23 Kan. 383, this court said:

"Before parol, secondary evidence of the contents of any paper can be used, the testimony of the person who is shown to have been the last custodian of such paper, or who is presumed in law or from the circumstances of the case to be such custodian, must be introduced to show the loss or destruction of such paper, if such testimony can be produced." (Syl. See, also, *C. B. U. P. Rld. Co. v. Walters,* 24 Kan. 504, 510; *Barons v. Brown,* 25 Kan. 410, 413; *C. K. & N. Rly. Co. v. Brown,* 44 Kan. 384, 388, 24 Pac. 497.)

The rule is that, preliminary to the introduction of a letter in evidence, its execution must be proved or its authenticity established. (10 R. C. L. 1094; 22 C. J. 929; 4 Wigmore on Evidence, §§ 2129, 2130; and 4 Enc. of Ev. 829.)

Outside the declarations of Nicodemus and the contents of the letter, there was no evidence to show that Nicodemus was the agent of the plaintiff for any purpose and particularly for the sale of the car in question. Presumably, the law prohibited Nicodemus, a chattel mortgagor in possession, from selling the car except under the specific direction of the plaintiff.

There being no evidence of agency, it follows that the judgment for the defendant must be reversed, and a new trial be granted. It is so ordered.