# Commonwealth *v.* Bassi, Appellant.

*Criminal law—Murder—Evidence—Letter written by defendant.*

1. In a murder trial, a letter alleged to have been written by defendant to a witness, is properly admitted in evidence, where the witness, without identifying the handwriting, testified that the name signed to it was the name by which the defendant was known to him, and the contents of the letter indicated the writer had knowledge of matters with which the witness and defendant were both familiar.

2. In such case, the statement as to the name signed to the letter, without more, would not be sufficient to identify it as defendant's letter: Sweeney v. Oil Co., 130 Pa. 193.

*Criminal law—Murder —Evidence — Compelling defendant to testify against himself—Clothes—Growing moustache.*

3. A defendant in a murder trial cannot claim that he was required to bear witness against himself because required to wear certain clothes at the trial similar to those worn by him at about the time of the killing, and to grow a moustache while in prison,

where there is evidence that no compulsion was put upon him in respect to the clothes and the growing of the moustache, and where, in fact, after adjournment on selection of the jurors, he was permitted to appear at the trial in other clothes.

*Criminal law—Murder—Evidence—Memorandum showing plan of vicinity of crime.*

4. In a murder trial, it is proper to admit in evidence a memorandum found in a room occupied by defendant, with others, showing a plan of the vicinity of the crime and indicating the highways leading from the scene of the crime and in the direction by which the participants in the crime fled.

Argued May 11, 1925. Appeal, No. 103, March T., 1925, by defendant, from judgment of O. & T. Cambria Co., Dec. T., 1924, No. 2, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Michele Bassi. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence referred to in the opinion of the Supreme Court, quoting bills of exceptions.

*Philip N. Shettig,* with him *George A. Foster,* cited: 22 C. J. 906; Sweeney v. Oil & Gas Co., 130 Pa. 193; Counselman v. Hitchcock, 142 U. S. 547; Turman v. State (Texas), 95 S. W. Rep. 533; State v. Griffin (S. C.), 124 S. E. Rep. 81; Evans v. State, 106 Pa. 519; Cooper v. State, 86 Ala. 610; Day v. State, 63 Ga. 667.

*D. P. Weimer,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 27, 1925:

Defendant was convicted of murder of the first degree, committed while he with others were engaged in robbing the American Railway Express Co. of a box containing cash, being transported by train from Ebensburg to Colver in Cambria County. A number of witnesses identified defendant as one of the two men who boarded the train and did the shooting which resulted in the death of one of the guards, and it is not contended that the evidence was insufficient to support the verdict. The only questions raised on this appeal relate to the competency of evidence offered by the Commonwealth and admitted by the trial judge.

The first assignment of error refers to the admission of a letter purporting to have been written by defendant to a witness produced by the Commonwealth. The letter was not signed but bore the word "Ugo" on one corner. It appeared Ugo was the name by which defendant was known to the witness. He did not testify to knowledge of the handwriting but said it came from defendant "because it had Ugo's name on it." While this alone would be insufficient to identify the letter (Sweeney v. Oil Co., 130 Pa. 193), the contents indicate the writer had knowledge of matters with which the witness and defendant were both familiar. It stated the writer had been looking for the witness every evening, inquired if anything had happened, whether he "had found out anything," suggested that if a letter should come addressed in the name of "Bassi" it was for the writer and that the latter would wait for the witness "at same time and at same place." This was sufficient to enable the witness to identify the writer of the letter and to warrant a finding that it was written by defendant: Roe v. Insurance Co., 149 Pa. 94; Comerer v. Insurance Co., 53 Pa. Superior Ct. 516, 524, 525.

The second assignment complains that defendant was compelled to bear witness against himself in that he was brought into court for arraignment and trial wear-

ing clothing similar to that worn by him at or about the time the crime was committed and was further forcibly compelled, while confined in jail, awaiting trial, to grow a moustache and with it present a resemblance to one of the perpetrators of the robbery, it being contended that these circumstances facilitated identification by the Commonwealth's witnesses and defendant was thus, in effect, compelled to furnish evidence against himself. The district attorney stated he knew nothing of such order or acts on the part of the jail officers, and the jail warden likewise disclaimed all knowledge of such orders and stated he gave no instructions as to the clothing to be worn by defendant at the time of his trial, nor did he require defendant to raise a moustache, whereupon the court directed counsel to proceed with the selection of the jury stating that, after the jury was selected, defendant might appear in court otherwise dressed if he so desired. The court adjourned until the following morning at which time defendant appeared in other clothing and the trial continued, following the refusal of defendant's motion to have a juror withdrawn and the case continued. Under the circumstances, and in the absence of evidence that force or compulsion was used to require defendant to grow a moustache or wear particular clothes, we find no merit in this assignment.

Defendant also complains of the admission of a memorandum book, found in a bag in a room he had occupied with three other men, containing a diagram or sketch showing location of towns and highways in the vicinity of the robbery. The contention is it was not shown the sketch belonged to defendant or that he was aware of its existence. The fact that the plan was found in the room occupied by him, though jointly with others, and showed a study of the highways leading from the scene of the robbery and in the direction the robbers fled after committing the crime, made the diagram competent evidence to show preparation for its commission and plans for escape of the participants. It was a link

·in the chain of circumstances tending to show defendant's guilt and its weight was for the jury's consideration.

We find no error in the record. The judgment of the court below is affirmed and the record ordered remitted for the purpose of execution.