State v. Callison.

---

No. 25,807.

THE STATE OF KANSAS, *Appellee,* v. H. M. CALLISON, *Appellant.*

SYLLABUS BY THE COURT.

1. RECEIVING STOLEN GOODS—*Sufficiency of Evidence—Issues,·Proof and Variance.* In a criminal action the proceedings considered, and *held:* (*a*) The evidence was sufficient to sustain the verdict and judgment; (*b*) there was no material variance between the allegations of the information and the proof offered in support thereof; (*c*) a clerical mistake in the information alleging that certain stolen articles belonged to "J. M. Corm Company," when it should have been J. M. Corn Company, was not prejudicial.

2. SAME—*Generally.* Various assignments of error considered and held not to be of substantial merit.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 7, 1925. Affirmed.

*H. S. Hines,* of Arkansas City, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction on five counts of having knowingly received stolen property.

The evidence showed that a number of burglaries were committed by H. G. Moore, J. C. Trammel, Clarence Hudson and Dago Ross; that the stolen goods were taken to the residence of the defendant in Winfield and purchased by him at a price far below their actual value; the burglars used a Ford car, their practice being to drive to the home of the defendant in the night, leave the car, loaded with the goods, and the following morning the defendant would look the

---

1. Receiving Stolen Goods, 34 Cyc. pp. 522, 527; 14 R. C. L. 206.  2. Criminal Law, 16 C. J. § 923.

goods over and purchase them; that some one of the burglars carried a key to the defendant's garage. A detailed statement of the evidence is not necessary and would be without profit. Four days were consumed in the trial. Fifty-four witnesses were placed on the stand and 546 pages of typewritten testimony taken. One of the chief witnesses was H. G. Moore, who was brought to Winfield from the penitentiary to testify. He testified about various transactions had with Callison wherein he (Callison) purchased certain goods which he knew had been stolen at the time he purchased them; that he (Moore) was present when other goods which had been stolen by other members of the larceny party were purchased and delivered to Callison. Moore's story was fully corroborated by other facts and circumstances.

The defendant contends that the court erred in overruling an application for a continuance. The application was based on an affidavit signed by the defendant, in which he stated that he could not safely go to trial because of the absence of necessary witnesses; that if Clarence Hudson were present at the trial he would testify on behalf of the defendant as to certain transactions between Callison and Moore on November 28, 1923, and would testify that he (Hudson) sold Callison $62.70 worth of candy at that time; that he (Hudson) represented to Callison at that time that he was a candy salesman working out of Wichita; that the affiant has inquired and learned that Clarence Hudson is now in prison in the Oklahoma penitentiary; and that he can procure his testimony by deposition for the next term of court, "which by the exercise of diligence he has been unable to obtain." The affidavit contained no showing of what his diligence consisted. Without such a showing, the application for continuance was properly refused. A general statement that affiant has exercised diligence is not sufficient.

In *State v. Johnson,* 70 Kan. 861, 79 Pac. 732, it was said:

"A statement in an affidavit for continuance that due diligence has been used to obtain the evidence is not such a showing as is required by the statute; facts must be shown, and not conclusions stated." (Syl.)

And in *State v. Collins,* 79 Kan. 411, 99 Pac. 614:

"A motion for a continuance on account of an absent witness was properly denied, the affidavit in support of the motion failing to show sufficient effort to compel the witness' attendance." (Syl. See, also, *State v. McClain,* 49 Kan. 730, 31 Pac. 790; *State v. Lewis,* 56 Kan. 374, 43 Pac. 265; *State v. Hunter,* 77 Kan. 850, 92 Pac. 603.)

It is contended that there was a variance between the allegations of the information and the evidence; also that the state failed to prove the ownership of the property described in the various counts of the information. We have examined the record and are convinced the contentions are not sound. There was no material variance between allegations and proof and no lack of evidence showing ownership of the property. Through what the state declares was a clerical error, it was alleged that certain of the stolen articles belonged to "J. M. Corm Company," while the evidence showed they belonged to J. M. Corn Company. The defendant was in no wise misled by the mistake and no prejudice resulted. (*State v. Wahl*, 118 Kan. 771, 236 Pac. 652; *State v. Earley*, ante, p. 446.)

We are of the opinion the evidence was ample to sustain the conviction. None of the errors complained of affected the substantial rights of the defendant.

The judgment is affirmed.