Commonwealth v. Lewis (No. 2)

2

*Kenneth E. Fox, Jr.*, for Commonwealth.

*Alvah M. Shumaker*, for defendant.

HENDERSON, J., August 8, 1963.—This matter is before the court on defendant's motion to suppress certain evidence.

Defendant is charged under an indictment with malicious use of the telephone in which it is alleged that defendant did unlawfully and maliciously address certain lewd, lascivious, or indecent words or language to prosecutrix by telephone. The act under which the information is brought is the Act of June 24, 1939, P. L. 872, sec. 413.1, added May 27, 1949, P. L. 1899, sec. 2, 18 PS §4413.1.

In defendant's motion to suppress, it is alleged that any evidence presented by the Commonwealth as to conversations or actions by defendant while in the custody or presence of an investigating officer or officers and, in particular, any evidence in relation to the telephone conversation prearranged by the investigating officer with prosecutrix, would be unconstitutional.

The answer to the rule to show cause why the evidence should not be suppressed sets forth that any telephone conversation which defendant had with prosecutrix while in the custody or presence of the investigating officers was voluntarily assented to by defendant, and that whether those conversations were voluntary or not, the constitutional privilege against self-incrimination does not allow a defendant to refuse a witness the opportunity of seeing him and hearing his voice for the purpose of identification.

It was agreed that this matter would be submitted on brief but no brief has been filed by defendant. From the brief of the Commonwealth, it appears that defendant while at the State Police Barracks voluntarily agreed to make a telephone call to prosecutrix for the purpose of determining whether or not prose-

cutrix would be able to identify his voice as the one which had previously called. The Commonwealth takes the position that whether this telephone conversation was voluntary or not, defendant cannot refuse to allow prosecutrix an opportunity to hear his voice for the purpose of identification of the same.

In Commonwealth v. Bassi, 284 Pa. 81 (1925), defendant was "forcibly compelled, while confined in jail, awaiting trial, to grow a moustache and with it present a resemblance to one of the perpetrators of the robbery." The defense claimed that these circumstances facilitated identification by the Commonwealth's witnesses and defendant was thus compelled to furnish evidence against himself. The court there held that in the absence of evidence that force was used to require him to grow a moustache or wear particular clothes there was no invasion of defendant's constitutional rights against self-incrimination.

In Commonwealth v. Musto, 348 Pa. 300 (1944), the court held that defendant may be compelled to submit to a physical and mental examination to determine the prisoner's physical or mental condition for the purpose of testifying in regard thereto without infringing upon his constitutional rights against self-incrimination.

In Johnson v. The Commonwealth, 115 Pa. 369 (1886), the court held that there was no violation of defendant's rights when the district attorney called upon defendant to arise and repeat certain words at trial in the presence of a witness. The court there said, at page 395:

"The sole object of the request was to afford the witness, . . . then on the stand, an opportunity of seeing the prisoner and hearing the sound of his voice, so that she might the more intelligently testify whether he was or was not the man by whom she was confronted on the night in question. To hold that this was

a violation of the clause, in sec. 9 of the Declaration of Rights, which declares the accused 'cannot be compelled to give evidence against himself,' would in my judgment be a strained construction of that instrument."

In Commonwealth v. Statti, 166 Pa. Superior Ct. 577 (1950), the court held that the constitutional privilege against self-incrimination is not violated by testimony as to tests of blood taken from defendant's person without his consent for the purpose of identification.

In the case of United States v. Sorrentino, 78 F. Supp. 425, the court held that it was proper to require defendant to stand in the courtroom in order that witnesses might identify him.

In Commonwealth v. Derembeis, 120 Pa. Superior Ct. 158, 170 (1935), which was a case concerning the value to be attached to testimony on identication by voice, the court there went so far as to suggest that at trial the identifying witness, while testifying, *should have been asked* to state to the jury whether he there, in open court, identified the voice of (defendant) as that of the man who had committed the crime. By doing this he would have been given an opportunity to indicate any peculiarities of tone or enunciation which formed the basis for his conclusion, and the jury by demonstration would have had an opportunity to more effectively evaluate his testimony. In the case at bar, the only difference is that defendant's voice was identified by telephone since the call from which the charges originated were made by telephone.

It appears that the laws of Pennsylvania in this regard are set forth in the language of the court as found in Commonwealth v. Statti, supra, while quoting from Commonwealth v. Musto, as follows:

" 'The purpose of the constitutional provision is to prohibit the compulsory oral examination of the pris-

oner either before or at trial,—to prevent his being required to incriminate himself *by speech or the equivalent of speech:* Commonwealth v. Valeroso, 273 Pa. 213, 219, 220, 116 A. 828, 830. "The prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort *communication from him. . . .*" ' "

In the case at bar, the purpose to be served by defendant's telephone call to prosecutrix was not to extort a communication or an admission from him but to provide her an opportunity to determine whether or not she could identify this telephone voice as being the same as the one which had previously called her, out of which previous call these charges are brought. The important element here is not what he said in the telephone conversation in question, but rather the sound of his voice as it is heard over a telephone.

In view of the pronouncements of the Supreme Court in this field, we find that this is not an infringement upon the constitutional rights of defendant against self-incrimination.

### Order of Court

Now, August 8, 1963, defendant's motion to suppress evidence is hereby dismissed.