No. 45,130

STATE OF KANSAS, *Appellee,* v. STEPHEN DECTAUR MILUM, *Appellant.*

(447 P. 2d 801)

Opinion filed December 7, 1968.

*Robert H. Young,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Hugh H. Kreamer,* assistant county attorney, argued the cause, and *Robert Londerholm,* attorney general, and *James W. Bouska,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Stephen Decatur Milum, was charged along with two other persons of robbing the manager of a Seven-Eleven Food Store in Johnson county of approximately $200. At his separate trial the defendant was convicted by a jury of robbery in the first degree (K. S. A. 21-527) and sentenced to the state penitentiary for a term of not less than twenty nor more than forty-two years under the habitual criminal act.

Two specifications of error are urged on appeal: (1) the admission of certain evidence, and (2) the denial of defendant's motion for a continuance.

At the trial William Gene Cunningham, one of defendant's alleged accomplices, testified for the state. Over defendant's objection the court admitted into evidence a note received by Cunningham while he and the defendant were incarcerated in the Jackson County, Missouri, jail subsequent to the offense in question. Cunningham testified the note was delivered to him by a trusty. The note stated: "Say, Cunningham, you punk, if you testify again me I am going to have you taken care of. So just think about this. So if you don't want your . . ., don't say anything. Steve." Cunningham stated he did not know anyone else in the jail by the name of "Steve," nor had he ever been in trouble with anyone by that name, other than the defendant. The witness, however, was unable to identify the handwriting as being that of the defendant. Defendant's objection at trial, and here, is that there was insufficient foundation regarding the authenticity of the note, particularly since there was an absence of proof that it was written or signed by the defendant. We cannot agree.

K. S. A. 60-464 requires authentication of a writing before it may be received in evidence. Authenticity, like any other fact, may be proved by evidence which warrants such a finding. As a general rule, preliminary to the introduction of a letter or note in evidence, its execution must be proved or its authenticity established. (*Motor Sales Co. v. Brown*, 115 Kan. 344, 223 Pac. 309.) Authenticity or genuineness of a writing may be proved not only by establishing the genuineness of the writer's signature, or identity of the handwriting contained in the instrument, but also, under proper circumstances, by indirect or circumstantial evidence without resort to proof of handwriting. (29 Am. Jur. 2d, Evidence, § 879; 32 C. J. S., Evidence § 706a; 23 C. J. S., Criminal Law § 850a.) In Wharton, Criminal Evidence § 577, 12th ed., it is stated:

"Ordinarily a letter . . . does not prove itself, . . . The mere fact that a letter . . . purports to have been written and signed by the person in question is insufficient to establish its authenticity and genuineness. This is particularly true when the genuineness of the letter is denied by the purported signer, . . .

"The usual method of proving its genuineness is by establishing the identity of the handwriting contained in the instrument, or by evidence that such letter . . . was signed or written by, or was in the possession of, authorized by,

or within the knowledge of, the person by whom such instrument purports to have been written or executed. In other words, it must be satisfactorily shown by direct or circumstantial evidence that the letter . . . and the purported signer . . . are in some way connected."

Proof of the genuineness of a letter may be established when the contents themselves reveal knowledge peculiarly referable to a certain person or the contents are of such nature that the letter could not have passed between persons other than the purported writer and the person to whom it was delivered. (*Williamson v. Davis*, 74 Okla. 174, 177 Pac. 567; *Commonwealth v. Bassi, Appellant*, 284 Pa. 81, 130 Atl. 311; *Hartzell v. United States*, 72 F. 2d 569 [8th Cir. 1934] cert. denied 293 U. S. 621, 79 L. Ed. 708, 55 S. Ct. 216; Wigmore, Evidence, 3d ed. § 2148.) For that matter, any relevant writing may be admitted when, from its contents or other circumstances in evidence, it is reasonably inferable that the author is the person sought to be charged. Whether or not the authenticity of a writing is sufficiently established to render it admissible in evidence is a matter largely within the discretion of the trial court. (*Lundgren v. Union Indemnity Co.*, 171 Minn. 122, 213 N. W. 553, 52 A. L. R. 580; *State v. Huffman*, 141 W. Va. 55, 87 S. E. 2d 541.)

In *State v. Huffman*, supra, which was a rape prosecution, notes allegedly written by the defendant to the prosecuting witness while both were incarcerated in jail were introduced into evidence. The notes referred to the rape charge, were signed with the initials of the defendant, and urged the prosecutrix not to testify against him. The court held the notes were admissible on the basis their contents, together with the circumstances under which they were written and delivered to the prosecutrix, sufficiently established authorship by the defendant.

In the case at bar we are of the opinion that from the contents of the note in question, and the other circumstances in evidence, it could be reasonably inferred that the defendant was the author of the note; hence, there was sufficient foundation of the note's authenticity for its admission into evidence.

Defendant further asserts the trial court erroneously denied his motion for continuance when during the presentation of his evidence James Hendrix, one of his alibi witnesses, failed to appear and testify. Defendant's entire defense was based on a plea of alibi. We are told that four witnesses, in addition to the defendant,

testified in support of his plea. On the day Hendrix was to appear, the defendant's attorney informed the court Hendrix had previously promised he would be present to testify, but on that morning, in a telephone conversation, he had informed counsel he could not appear because his presence was required at his place of business, a bar. Without submitting an affidavit, counsel made a statement about what the testimony of the missing witness would be. Thereupon, counsel orally requested a continuance until the following day, or until Hendrix's deposition could be taken. The trial judge denied the application for continuance after observing that the defendant had been arraigned and told more than ten days previously when his trial would be, that the witness was a nonresident of the state, that there was no assurance he would be present at another date, and that "insufficient showing" had been made.

Continuances in a criminal prosecution are governed by the provisions of the statute applicable in civil cases (K. S. A. 62-1414). Under K. S. A. 60-240 ( *c* ) of the code of civil procedure, the court need not entertain a motion for continuance based on the absence of a material witness unless supported by an affidavit setting forth certain essentials required by the statute, including a statement of the witness' expected testimony and the basis of such expectation, and also the efforts which have been made to procure his attendance or deposition. The language of this portion of the subsection is substantially the same as that of our former statute (G. S. 1949, 60-2934) which made mandatory the filing of an affidavit in support of a motion for continuance. ( *State v. Earley,* 192 Kan. 144, 386 P. 2d 221, and cases cited therein.) The legislature, however, added a sentence to the present subsection providing that, "In all cases, the grant or denial of a continuance shall be discretionary whether the foregoing provisions have been complied with or not." This provision is in harmony with the long-standing case law of this state to the effect that the matter of a continuance in a criminal prosecution is largely within the discretion of the trial court, and its ruling will not be disturbed unless it affirmatively appears that such discretion has been abused to the extent that a defendant's substantial rights have been prejudiced. ( *State v. Zimmer,* 198 Kan. 479, 426 P. 2d 267, cert. denied 389 U. S. 933, 19 L. Ed. 2d 286, 88 S. Ct. 298.) The clear import of the proviso is that in the absence of an affidavit, it remains discretionary with the court whether or not it

will entertain a motion for continuance because of the absence of a material witness.

Here, the defendant made no attempt to support his motion for a continuance with an affidavit, as contemplated by the statute. Thus, the state had no opportunity to admit that the absent witness would, if present, testify as stated in an affidavit, and that the testimony could be received and considered in evidence. It is apparent that defendant, his relatives and his counsel relied solely upon the witness' promises to be present and testify. Despite the fact that the case had been set for trial more than ten days previously and that Hendrix was listed as a witness in defendant's notice of plea of alibi filed six days prior to trial, no effort was made to obtain the testimony of the nonresident witness by invoking the provisions of K. S. A. 62-1313 and 62-1314, nor was any attempt made to insure the witness' attendance by use of the uniform act to secure attendance of witnesses from without the state (K. S. A. 62-2801, *et seq.*). Under the circumstances, the defendant is in no position to claim he was denied the opportunity to obtain the testimony of the absent witness or procure his attendance. This court has said that a party seeking a continuance on account of an absent witness must show he has used due diligence to procure the testimony of the witness (*State v. Caton*, 134 Kan. 128, 4 P. 2d 677; *State v. Callison*, 119 Kan. 532, 240 Pac. 850), and that the party is not justified in relying on mere promises of the witness that he will be present at trial and testify (*Clouston v. Gray*, 48 Kan. 31, 28 Pac. 983). We must conclude that the trial court did not abuse its discretion in denying the motion for continuance.

The defendant also complains of the trial court's refusal to grant him a new trial. He advances no reasons other than those previously discussed and found to be without merit.

The judgment is affirmed.

FONTRON, J., dissenting: I am in accord with the court's enunciation of the general principles which govern the granting of a continuance. However, I am compelled to disagree with the majority as to the application of those principles to the facts of this case.

A few additional facts should be noted. The defendant's notice of alibi stated that proof would be offered showing the defendant was at The Retreat, 917 East 30th, Kansas City, Missouri, at the

time the alleged robbery took place. Six witnesses were named as supporting the alibi, one of them being James Hendrix.

When Hendrix failed to appear at the trial, the defendant's counsel, Mr. Marion Chipman, moved orally for a one-day continuance, either to produce the witness or to take his deposition. In support of his motion, Mr. Chipman related in some detail what Mr. Hendrix's testimony would be. The state offered no objection. In refusing a continuance, the trial court observed that it had other court and *personal* commitments.

In my judgment it is apparent from the somewhat abbreviated record, from the oral arguments and from unrefuted statements in defendant's brief that Hendrix, the proprietor of The Retreat Bar, was the principal alibi witness, and the only one who would testify as to the defendant's whereabouts during the time covered by the robbery. Hence, the court's refusal to grant the short continuance requested deprived the defendant of an essential witness and, in effect, cut the heart out of his defense. I can imagine no greater prejudice to a defendant's case than this. For cases supporting this view, see annotation in 41 A. L. R., Right to Continuance to Procure Witness to Alibis, p. 1530, *et seq.*

It is true that no subpoena had been issued for Mr. Hendrix. Despite this, I believe counsel is not to be faulted too severely. He had not only interviewed Hendrix several times but had also advised him that if he could not be present, his deposition could be taken in Missouri. Hendrix assured Chipman this would be unnecessary. Only the night before trial Hendrix assured the defendant's sister he would be present. It was only on the morning of trial that Mr. Hendrix called Mr. Chipman and advised him that because of an employee's illness he could not leave his place of business. This would seem a plausible reason for his absence.

Although it was said in *Clouston v. Gray*, 48 Kan. 31, 28 Pac. 983, that mere promises on the part of an absent witness to appear at the trial are not sufficient to prove diligence in procuring his attendance, the court chiefly relied, in upholding the denial of a continuance, on defects which appeared in the affidavit. In any event, no prejudice to the substantial rights of an accused was involved in that case.

Whatever may be said as to lack of diligence on counsel's part, the accused was nonetheless entitled to a fair trial. In my opinion, he was deprived of a fair trial by the trial court's denial of the continuance requested.

For the reasons indicated, I respectfully dissent.