No. 48,136

STATE OF KANSAS, *Appellee*, v. CHARLES E. RIVES, *Appellant*.

(551 P. 2d 788)

Opinion filed June 12, 1976.

*John D. Conderman*, of Manhattan, argued the cause, and *Charles K. Ball*, of Manhattan, was on the brief for the appellant.

*Dennis Sauter*, assistant county attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Paul E. Miller*, county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Charles E. Rives was convicted by a jury of the offense of aggravated robbery. New trial was denied, he was sentenced and now appeals.

The state's evidence revealed the following. At about 12:20 a. m. on April 28, 1974, appellant and another male held up a convenience mart in Manhattan. At gunpoint the pair took about $75.00 from

the store's cash register. One suspect was apprehended about thirty minutes after the robbery. Appellant was arrested and booked into the Riley county jail on May 10, 1974, where he remained until released on bond June 7, 1974. No gun or currency connected with the crime was ever found and appellant has consistently denied involvement in the holdup. At trial his defense was an alibi.

The evidence against appellant included his courtroom identification by two store employees as the wielder of the gun in the holdup, plus certain documentary evidence. The sufficiency of the evidence to sustain the conviction is not challenged but appellant does specify certain trial errors.

One complaint involved a handwritten note, state's exhibit 1, purportedly written by appellant while in the county jail. The note read as follows:

"1/7 ask anybody for (Burt.)

"Then tell him that I'm in for armed robbery. tell him that my lawyer will come and ask him was I over there on the 28th of April at 6 till 1.00. tell Burt to say yes & the same time 6 til 1:00. tell him that will help me get out of jail, and that I will take good care of him when I get out.

"C. Rives"

On May 29, 1974, while appellant was still in the Riley county jail, a jail employee brought the note to the jailer. The jailer had no knowledge as to how the employee acquired the note except that told him by the latter, which evidence was excluded as hearsay. The jail employee did not testify at the trial because he had left Kansas and could not be located. There was no other prisoner named Rives in the jail and the jailer, who testified, could not recall any other person in the jail by the name of Rives during the eight and one-half years he had been engaged in law enforcement in Riley county. The jailer initialed the note and gave it to the county attorney. Later the note was taken to a document examiner for the Kansas bureau of investigation who compared the writing on it with handwriting exemplars secured from appellant pursuant to court order (state's exhibits 3 and 4). According to this expert the writing on the three exhibits was done by the same person.

Additionally, a fingerprint expert for the KBI discovered a latent fingerprint on the note. He testified it was identical to the right thumb print of appellant as shown on a card received May 17, 1974, by the KBI from the Riley county police department. Along with this card was a jail information card made by the Riley county

police department at the time appellant was booked into the county jail on May 10, 1974.

Appellant contends the court erred in admitting into evidence the note (exhibit 1), the booking card (exhibit 2), and the finger-print card (exhibit 6). He says none was sufficiently identified or authenticated and, additionally, an adequate chain of custody was not shown as to the note.

A few general rules may be stated. The admissibility of physical evidence is within the sound discretion of the trial court, to be determined on the basis of relevance of the evidence and its connection with the accused and the crime charged (*State v. Donahue*, 218 Kan. 351, 543 P. 2d 962).

A crucial question in determining admissibility of physical evidence is whether the item has been materially altered or tampered with during the time it was in police custody. This rule was stated in *State v. Tillman*, 208 Kan. 954, 494 P. 2d 1178, as follows:

". . . [A] party who offers an object into evidence must show that it is reasonably certain that there have been no material alterations of the object since it was first taken into custody. It is not necessary, however, that the object offered into evidence should have been kept continuously under lock-and-key or continuously sealed up. The preliminary proof of the identity of the object and that the same has not been improperly tampered with, is first to be determined by the trial court. It is not necessary that all possibility of its being tampered with should be excluded. [Citations.] The ultimate question of the sufficiency of the proof is, of course, for the jury to determine. . . ." (pp. 958-959.)

*Accord: State v. Osbey*, 213 Kan. 564, 517 P. 2d 141; *State v. Champ*, 218 Kan. 389, 543 P. 2d 893.

K. S. A. 60-464 specifically requires authentication of a writing before it may be received in evidence, although the means may be any provided by law.

In *State v. Milum*, 202 Kan. 196, 447 P. 2d 801, this court was similarly concerned with the admissibility of an incriminating note purportedly written by a defendant while in jail. We held that authenticity or genuineness of a writing may be proved not only by establishing the genuineness of the writer's signature, or identity of the handwriting contained in the instrument, but also, under proper circumstances, by indirect or circumstantial evidence without resort to proof of handwriting. We further stated that proof of the genuineness of a letter may be established when the contents themselves reveal knowledge peculiarly referable to a certain person or the contents are of such nature that the letter could not have

passed between persons other than the purported writer and the person to whom it was delivered; for that matter, any relevant writing may be admitted when, from its contents or other circumstances in evidence, it is reasonably inferable that the author is the person sought to be charged; and whether or not the authenticity of a writing is sufficiently established to render it admissible in evidence is a matter largely within the discretion of the trial court. (p. 198.)

In the case at bar custody of the note, without material alteration or tampering, was shown from the time it came into the hands of the jailer from the jail employee until it came back to the identification witnesses in court. The complaint that it was not connected with appellant has no merit for several reasons. It was shown to be in his handwriting; it bore his fingerprint; and, as in *Milum*, it was of such an intrinsic nature as to be peculiarly the handiwork of appellant—an obvious attempt to procure a perjured alibi. We are putting it mildly in saying that from these circumstances it can reasonably be inferred that appellant authored the note. Hence, there was sufficient foundation for its admission into evidence.

Appellant's complaint that there was insufficient foundation for the admission of the booking card and the fingerprint card is also meritless. The record on appeal discloses no objection to them, lacking which, under K. S. A. 60-404, the point is not entitled to consideration. Had such an objection been made it would have been to no avail. The records were identified by an agent of the KBI as items received by that office from the Riley county police department. Such records are required by law to be made by sheriffs and police departments upon the arrest of a person charged with a felony, and to be forwarded by them to the KBI (K. S. A. 21-2501), and presumably this is how the records came into the hands of the KBI. Hence these records qualified as business entries under K. S. A. 60-460 (*m*).

Appellant further complains the trial court erred in permitting the state at the close of its case to amend the information to conform to the evidence. The change made was to charge that appellant took the purloined property "from the presence of" a named individual rather than "from the person of" the same individual as initially alleged. K. S. A. 22-3201 (4) provides:

"The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

The amendment was made in view of the fact the evidence revealed the money was taken from the store's cash register rather than from the person of the cashier. K. S. A. 21-3426 defines robbery as the taking of property "from the person or presence of another" by threat of bodily harm, etc. The two concepts of person and presence, for present purposes, are so similar that amending the information did not change the nature of the crime alleged nor did it charge appellant with any additional crime. It was simply in accord with the evidence adduced (see *State v. Lamb*, 215 Kan. 795, 798, 530 P. 2d 20, 23). Appellant says the distinction made in the information was a crucial one which he relied upon in cross-examination of the state's witnesses. The bare assertion is not expanded as to how this could be. No such contention was advanced at trial when appellant objected to the amendment and it has a hollow ring in view of the fact appellant's defense was that of alibi. Appellant could in no way have been prejudiced by the amendment.

Appellant's final contention, that the trial court unduly limited the testimony of one of his alibi witnesses, was abandoned by counsel at oral argument. Were we to consider the point, we could not declare error. The trial court did initially impose the limitation complained of, but it was ignored later and not enforced and appellant was permitted to examine the witness beyond the restriction prescribed. Judgment affirmed.

APPROVED BY THE COURT.