No. 48,653

STATE OF KANSAS, *Appellee,* v. LOUIS ALLEN MARTIN, *Appellant.*

(573 P.2d 576)

Opinion filed November 5, 1977.

*Russell Shultz,* of Wichita, argued the cause and was on the brief for the appellant.

*Curtis E. Campbell,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Louis Allen Martin was convicted by a jury of burglary (K.S.A. 21-3715) and felony theft (K.S.A. 21-3701) of 700 bushels of milo from a grain bin in Gray County, Kansas. An employee testified at the trial that he and the defendant drove the defendant's truck and semitrailer from Lyons, Kansas, to the bin and loaded the milo on February 18, 1974. The grain was sold to the Continental Grain Company in Hutchinson, Kansas.

The following day the owner of the grain discovered the loss. The door to the granary was open. The metal slats in the doorway to the bin had been bent. The sheet of plastic forming the moisture shield had been broken open and it appeared an auger had been used to load the grain.

A check in payment for the milo was issued by Continental Grain Company and the check was presented to the Lyons State Bank by the defendant. When presented to the bank $1500.00 was deposited to the account of the defendant's wife and $329.72 was paid to defendant in cash.

In addition to the testimony of defendant's employee there were physical objects which tended to link defendant's truck to these crimes. A flashlight and a broken tarp-hook were found under spilled grain in front of the bin. The flashlight was similar

to ones kept in defendant's trucks and the broken tarp-hook matched a part of one taken from the truck used in hauling the grain.

We have examined all of the evidence in the record. Defendant's motion for judgment of acquittal was properly overruled. See *State v. Gustin,* 212 Kan. 475, Syl. 3, 510 P.2d 1290, and *State v. Wilson & Wentworth,* 221 Kan. 359, Syl. 2, 559 P.2d 374.

Complaint is made because of the admission of the flashlight which was found under the spilled grain at the bin two days after the theft occurred. The trial court found that sufficient foundation was laid for its admission. This court has repeatedly pointed out that it is not necessary for admission that identification of physical objects be positively and indisputably established. The lack of a positive identification and the delay in the discovery of the flashlight affect the weight of this evidence, rather than its admissibility. See *State v. Ponds and Garrett,* 218 Kan. 416, 420, 543 P.2d 967; *State v. Baker,* 219 Kan. 854, 858, 549 P.2d 911; and *State v. Rives,* 220 Kan. 141, 551 P.2d 788.

Appellant complains because of the admission of an original scale ticket offered during the testimony of the office supervisor of Continental Grain. The ticket was admissible as a business entry under K.S.A. 60-460(*m*). It was not necessary to call the maker of the scale ticket. See *Olathe Ready-Mix Co., Inc. v. Frazier,* 220 Kan. 646, 556 P.2d 198; *State v. Newman,* 213 Kan. 178, 515 P.2d 814; and *State v. Rives,* supra.

Further complaint is made that the laboratory reports on the broken tarp-hook and documents concerning the sale of grain to Continental should have been excluded from evidence because they were not disclosed and furnished to appellant prior to trial. The cases cited by appellant relate to the suppression of evidence which was not disclosed by the state after a request for such evidence was made before trial. No motion for disclosure or discovery was made by the appellant in this case. See K.S.A. 22-3212. No error appears in the admission of this evidence.

It is argued the state failed to establish proper venue in Gray County because there was testimony the land on which the bin was located was near the Gray-Finney County line. Venue is a question of fact to be determined by the jury. See *State v. Johnson,* 222 Kan. 465, Syl. 7, 565 P.2d 993. The owner testified it was located in Gray County although he did not know how far

from the line. He further testified the bins were located on the Northeast quarter of Section 1, Township 24, Range 29. Under the instructions the jury was required to and did find the theft occurred in Gray County. The argument is without merit.

Appellant contends the court erred in allowing the jury to speculate on circumstantial evidence. There was substantial relevant evidence to support the verdict and we refer the reader to what was said in *State v. Johnson,* supra, p. 468, regarding the sufficiency of circumstantial evidence.

Appellant complains because the trial court gave an instruction defining the word "enter" as it related to the charge of burglary in this case. He argues it is not a word of art and needs no definition. He does not contend the instruction given was an erroneous statement of law or show how he was prejudiced by the instruction given. He further complains because the court did not define the word "intent". In the instructions setting forth the elements of each crime the court instructed on the specific intent required to establish these crimes as requested by defendant at the trial. A further attempt to define "intent" would have been confusing and was not required. There was no error in the instructions given.

This court has examined all points raised by appellant in his brief and finds no reversible error.

The judgment is affirmed.