[Civ. No. 16761.   Second Dist., Div. One.   May 11, 1949.]

FRANCES O. HERMAN, Respondent, v. BEN H. BROWN, as Public and Special Administrator, etc., Appellant.

Jones & Hoyt and George A. Elstein for Appellant.

Aaron Levinson for Respondent.

DRAPEAU, J.—Defendant appeals from that portion of the judgment herein which awards to plaintiff the sum of $6,110.41 on the first cause of action alleged in her amended complaint which was based on a promissory note for $4,000, dated September 1, 1938, due two years after date, and executed by Victor C. Emden.

The answer alleges that said cause of action is barred by sections 335 to 337, inclusive, of the Code of Civil Procedure. At the trial respondent testified that when the maker of the note died on August 31, 1945, she was in possession of the note in question, and also of two letters dated June 8, 1942, and January 9, 1945, respectively, attached to the amended complaint as exhibits A and B, reading as follows:

"June 8, 1942.

To My Administrator:

"The purpose of this letter is to advise that, as of this date there are outstanding two notes executed by me in favor of Solomon Herman and/or Frances Herman. One note is dated September 1, 1938, in the amount of $4000.00 and one note is dated June 1, 1942, in the amount of $2000.00.

"Should these notes be outstanding and unpaid at the time of my death, I desire that they be immediately paid out of my estate.

"In connection with these notes there is a bonus agreement which is to remain in full force and effect, and said Solomon Herman and Frances Herman are to receive the full benefits of the bonus agreement.

"VICTOR C. EMDEN"

---

"THE WASHINGTON HOTEL
Washington, D. C.

Jan. 9-45.

Dear Frances:

"Thanks for the stories they are already on the seas if you have any more pass them on.

"Yes what a difference a year makes last year this time I thought it was curtains. But at this writing I am fine.

"I just thought I would mention  it had I passed on you have a letter that would have taken care of our business matter.

"More stories please. It use to be banana's.

"VIC

Hello Sol"

The court found that Victor C. Emden delivered to respondent on June 8, 1942, the writing in which he acknowledged the existence of the promissory note for $4,000, his liability thereon and promised to pay the same; that it was in the possession of respondent or her attorney at the time of the death of Victor C. Emden and at all times thereafter and until the trial of this action. Further, that the words contained in exhibit B "you have a letter that would have taken care of our business matter" which Victor C. Emden had with respondent "is that set forth in plaintiff's amended complaint."

Appellant here points out that under section 337, Code of Civil Procedure, it was necessary to bring the action on the

note within four years from August 31, 1940, the date of its maturity; hence, the instant action commenced on September 10, 1946, is barred. It is further urged that the letter of June 8, 1942, does not constitute sufficient acknowledgment of the debt to extend the statute of limitations for the reason that it was addressed "To My Administrator," and not to respondent or her agent, as required by the holding in *Estate of Azevedo,* 17 Cal.App.2d 710, 712 [62 P.2d 1058], and the authorities therein cited.

Section 360 of the Code of Civil Procedure provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

The letter of June 8, 1942, hereinabove recited in full, is an unequivocal and unqualified acknowledgment of the indebtedness here sued upon, signed by the debtor. Moreover, respondent testified that it was in her possession at the time the debtor died and at all times subsequent thereto. The witness Sol Herman, husband of respondent, testified that sometime in June of 1942, his wife, the respondent, asked Victor C. Emden if he would give her something in writing to secure her if anything should happen to the debtor Emden; that the witness and respondent met Mr. Emden at lunch the next day at which time the latter gave to respondent a letter. This witness identified Exhibit 2 as the letter which respondent received from Mr. Emden, which was dated June 8, 1942. To the question, "Did your wife have any letter from Victor C. Emden which would take care of any business matters other than Exhibit 2, the June 8, 1942, letter?" this witness replied: "No, she had not."

The foregoing evidence substantially supports the trial court's finding that the letter of acknowledgment was delivered to the respondent creditor by the debtor at the time it was written. In the circumstances, it becomes immaterial to whom the letter was addressed. It was delivered to the creditor before the statute of limitations had run against the debt, and together with the letter of January 9, 1945, was sufficient to interrupt the running of the statute against the note here sued upon.

As was aptly stated in *Greenfield* v. *Sudden Lumber Co.,* 18 Cal.App.2d 709, 715 [64 P.2d 1007], "Where it is manifest that persons have endeavored to contract one with the other courts are constrained to find in favor of the success rather than of

the failure of their efforts where evidence is present warranting such inference.''

The instant judgment may also be sustained upon the theory of estoppel. See *Miles* v. *Bank of America etc. Assn.*, 17 Cal.App.2d 389 [62 P.2d 177] ; 34 Am.Jur. § 415, p. 329, and 130 A.L.R. 34, all to the effect that ''a debtor who induces his creditor to defer action, by means of promises to pay the indebtedness or settle the claim, is estopped to plead the statute of limitations.''

In the case now under consideration, respondent relying upon the renewed promise of payment of the debt by the debtor, was doubtless lulled into inaction through her sense of security induced thereby ; hence it would be inequitable to permit the debtor to set up the statute to escape payment.

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.