No. 48,466

STATE OF KANSAS, *Appellee,* v. VINCENT HERNANDEZ, *Appellant.*

(563 P.2d 474)

Opinion filed April 9, 1977.

*Thomas H. Bornholdt,* of Cooke, North, Dickson and Bornholdt, Chartered, of Prairie Village, argued the cause and was on the brief for appellant.

*Dale E. Hartung,* assistant district attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is a criminal appeal by the defendant-appellant, Vincent Hernandez, from a conviction by a jury of possession of burglary tools (K. S. A. 21-3717).

The appellant and one Albert Brocato were apprehended by police in Leawood, Kansas, on July 25, 1975. Brocato was tried and convicted for possession of burglary tools at a separate trial. The facts surrounding the apprehension and arrest of Hernandez and Brocato are set out in *State v. Brocato,* 222 Kan. 201, 563 470, P.2d and will not be repeated here.

The appellant first contends the district court erred in receiving in evidence, over his objection, a sack, pry bar, and two pairs of gloves identified as state's exhibits 1, 2 and 3, because there was no proper foundation laid for their admission. The appellant's argument is essentially that the chain of custody was not properly established.

A brown paper sack containing a pry bar and two pairs of cotton gloves with nylon palms was thrown from the car the appellant and Brocato were driving while police officers were giving chase. The car was soon stopped, and the officers retrieved the sack and its contents from the street. At trial, both arresting officers identified state's exhibits 1, 2 and 3 as the paper sack and

its contents they retrieved at the scene of the arrest. Officer Prince testified his identification of the items was aided by his property stickers he placed on each item the night they were recovered. The pry bar was especially identifiable because the end appeared to have been filed down.

The admissibility of physical evidence is within the sound discretion of the trial court and is to be determined by the court on the basis of its relevance and its connection with the accused and the crime charged. *State v. Beard,* 220 Kan. 580, 552 P. 2d 900; *State v. Wilson,* 215 Kan. 437, 524 P. 2d 224; *State v. Robinson,* 203 Kan. 304, 454 P. 2d 527.

The rule with respect to chain of custody and guidelines for the application thereof were set forth in *State v. Tillman,* 208 Kan. 954, 958-59, 494 P. 2d 1178, 1182:

". . . The rule is that a party who offers an object into evidence must show that it is reasonably certain that there have been no material alterations of the object since it was first taken into custody. It is not necessary, however, that the object offered into evidence should have been kept continuously under lock-and-key or continuously sealed up. The preliminary proof of the identity of the object and that the same has not been improperly tampered with, is first to be determined by the trial court. It is not necessary that all possibility of its being tampered with should be excluded. (*State v. Cook,* 17 Kan. 392; *State v. Frideaux,* 207 Kan. 790, 487 P. 2d 541.)"

*See State v. Beard,* supra; *State v. Baker,* 219 Kan. 854, 549 P. 2d 911; *State v. Steward,* 219 Kan. 256, 547 P. 2d 773. The *Tillman* test for chain of custody has been characterized as "reasonable certainty that no material alterations of the objects occurred." *State v. Baker,* supra; *State v. Reed,* 214 Kan. 562, 520 P. 2d 1314.

In the case at bar, the objects were positively identified at trial by both arresting officers as the objects they seized at the time of arrest. Officer Prince's property stickers placed on the objects when they were recovered were still on them at trial. The objects were not of a nature subject to easy alteration, and there was no claim of alterations. While the chain of custody evidence is scanty, under the facts of this case the district court did not abuse its discretion in allowing admission of the exhibits.

The appellant next contends that the district court erred in admitting, over his objections, opinion testimony of Officer Prince concerning the possible use of the pry bar.

After Officer Prince had identified state's exhibits 1, 2 and 3, he testified that, based on his experience and knowledge as a police

officer, the only difference he could see in the pry bar from an ordinary pry bar was that the end appeared to have been filed down. He testified he had been a police officer for six years and had seen similar items before. Thereafter, the following transpired:

"QUESTION: Based upon your experience and knowledge, do you have any opinion as to what these types of tools are used for?

"MR. BORNHOLDT: I object to that question as being without sufficient foundation.

"MR. COATES: Your Honor, I would simply state to the Court he has indicated that he has seen items such as that many times as a police officer. I think based upon his experience and knowledge, he is qualified to render an opinion as to what those tools can be used for.

"THE COURT: Objection overruled.

"ANSWER: The type of tool would be normally used to pry any locked object or open something of that nature."

Following this, the exhibits were received and admitted.

K.S.A. 60-419 provides that:

"As a prerequisite for the testimony of a witness on a relevant or material matter, there must be evidence that he or she has personal knowledge thereof, or experience, training or education if such be required. . . ."

K. S. A. 60-456(*a*) allows the admission of non-expert opinion testimony in the judge's discretion, if he finds the opinion "may be rationally based on the perception of the witness and . . . helpful to a clearer understanding of his . . . testimony."

In the case at bar, Officer Prince testified as to his perception of the specially customized pry bar, and that in the course of his six years as a law enforcement officer he had seen similar items before. The probative value of this testimony was enhanced by the officer's opinion as to what such a tool would normally be used for. We think admission of the opinion testimony was well within the district court's discretion under the foregoing statutes. A district court is vested with wide discretion in receiving opinion evidence. *State v. Craig*, 215 Kan. 381, 524 P. 2d 679; *Osborn v. Lesser*, 201 Kan. 45, 439 P. 2d 395.

The appellant's final contention is that the verdict was not supported by substantial competent evidence. Sufficiency of the evidence was also attacked in *State v. Brocato*, 222 Kan. 201, 563 P. 2d 470. There we held the evidence was sufficent to raise a reasonable inference of guilt.

That holding is equally applicable to this appeal.
    The judgment is affirmed.