No. 48,525

STATE OF KANSAS, *Appellee*, v. ALBERT BROCATO, *Appellant*.

(563 P.2d 470)

Opinion filed April 9, 1977.

*Hugh H. Kreamer*, of Breyfogle, Gardner, Martin, Davis & Kreamer, of Olathe, argued the cause and was on the brief for the appellant.

*Dale E. Hartung*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Dennis W. Moore*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Albert Brocato was convicted by a jury of possession of burglary tools (K.S.A. 21-3717). On appeal to this court he questions the existence of probable cause for his arrest and the sufficiency of the evidence to support his conviction. This case arises from the same facts which gave rise to *State v. Hernandez*, 222 Kan. 175, 563 P.2d 474.

The following facts are gleaned from the abbreviated record presented to this court. A rash of burglaries had occurred in the city of Leawood, Kansas. A description of a suspect vehicle thought to have been used in these burglaries was given to the police. On July 25, 1975, while on patrol, Officers Prince and

McCarthy noticed a vehicle coming toward them which resembled the description of the suspect vehicle. The time was 10:30 p. m. The vehicle was a 1965 Chevrolet, dirty in appearance, with a loud exhaust and a Missouri license plate. The officers turned their patrol car around and began following the suspect vehicle which turned on an intersecting street. The police car's siren and red lights were activated. The suspect vehicle appeared to accelerate. The officers noticed that a brown paper sack was passed by the driver of the suspect vehicle to the passenger and then the sack was thrown from the vehicle. The sack bounced over the curb and fell back into the street. When the officers were within two car lengths of the suspect vehicle it braked to a stop. Vincent Hernandez was driving and Albert Brocato was the passenger in the front seat. They were ordered out of the car and Officer Prince stayed with them while Officer McCarthy retrieved the brown paper sack. The sack contained a pry bar with a specially sharpened point and two pairs of brown nylon gloves. One of the officers testified at the trial that the pry bar and gloves were of the type used in committing burglaries. Brocato and Hernandez were arrested at the scene and advised of their constitutional rights. An arrest warrant was issued after they were taken to the police station.

On appeal to this court Brocato attacks his warrantless arrest on two grounds, lack of probable cause and improper attitude of Officer McCarthy. The latter charge arises from words directed to Brocato by Officer McCarthy at the police station. Hernandez was giving the officer a bad time verbally and Officer McCarthy in reply facetiously stated that police officers had nothing better to do on a Friday night than search for "scum". Brocato now says this establishes a prejudicial attitude against him which negatives probable cause for the warrantless arrest. The point is without merit.

Defenses and objections based on defects in the institution of the prosecution, such as probable cause for a warrantless arrest, may be raised only by motion before trial. (K. S. A. 22-3208; *State v. Addington,* 205 Kan. 640, 643, 472 P. 2d 225; *State v. Theus,* 207 Kan. 571, 485 P. 2d 1327.)

Here the defendant proceeded to trial and the point was not raised before trial. This might well dispose of this contention but in addition it appears there was probable cause for the warrantless arrest.

K. S. A. 22-2401 (*c*) (1) provides a law enforcement officer may arrest a person when he has probable cause to believe that the person is committing or has committed a felony. In *State v. Lamb*, 209 Kan. 453, 497 P. 2d 275, this court examined what constitutes probable cause. Probable cause for arrest without a warrant depends upon the probabilities arising from known facts and circumstances and exists when the practical considerations of everyday life would lead a reasonable and prudent officer to believe a felony has been or is being committed. See *Brinegar v. United States*, 338 U. S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302, reh. den. 338 U. S. 839, 94 L. Ed. 513, 70 S. Ct. 31.

In the present case the officers had a description of a suspect vehicle previously connected with prior burglaries in that neighborhood. There was evidence of an acceleration of the suspect vehicle after the siren and red lights were activated on the police car. A brown paper sack containing the pry bar and two pairs of brown nylon gloves of the type used in committing burglaries was thrown from the suspect vehicle. Under the facts and circumstances known by the officers at the scene, probable cause did exist for the warrantless arrest. The attitude of the officer in making the arrest would not vitiate the arrest or deprive a court of jurisdiction to try the defendant. Any subsequent conviction would not be vitiated unless there was a showing the defendant's substantial rights were prejudiced and he was deprived of a fair trial. See *State v. Taylor*, 212 Kan. 780, Syl. 5, 512 P. 2d 449. No such showing is made in the present case.

The defendant attacks the sufficiency of the evidence on various grounds but mainly directs his argument to an alleged failure of the evidence to establish "intent to commit a burglary".

K.S.A. 21-3717 reads:

"Possession of burglary tools is the knowing possession of any key, tool, instrument, device or any explosive, suitable for use in entering an enclosed structure or a vehicle or means of conveyance of persons or property, with intent to commit burglary."

In *State v. Hart*, 200 Kan. 153, 434 P. 2d 999, this court points out:

"It is appropriate to observe, however, that an intent to use the tools in a particular or specific burglary is not required. The intent is sufficient if it consists of a general purpose to employ the instruments in the course of burglarious

episodes, whenever and wherever opportunity might present itself. [Citations omitted.]" (pp. 157, 158.)

This is in accord with the rule in a majority of jurisdictions (33 A. L. R. 3d 798, 839). The intent required to establish the illegal possession of burglary tools may be inferred from the circumstances which attend their possession at the time of an arrest. The intent necessary to complete the crime proscribed in K. S. A. 21-3717 consists of a general purpose to employ the tools in the course of burglarious episodes, whenever and wherever opportunity might present itself. (*State v. Hart*, supra.) The following circumstances have been considered as bearing on such an intent: Concealment of tools on one's person or in his clothing; carrying such tools inside the passenger area of the car instead of in the trunk or in a shop; flight or resistance to arrest; and possessing a large number of master keys useful in burglarious enterprises. See *State v. Hart*, supra, p. 163; *State v. Karney*, 208 Kan. 677, 494 P. 2d 1204; and *State v. Caldrone*, 205 Kan. 828, 473 P. 2d 66, cert. den. 401 U. S. 916, 27 L. Ed. 2d 817, 91 S. Ct. 896.

Here the following facts bearing on intent were established: The vehicle resembled a vehicle suspected of being used in recent burglaries in the general neighborhood; the suspect vehicle appeared to accelerate when the officers gave chase; the tools were passed by the driver to the passenger in the suspect vehicle and disposed of by throwing them into the street; the suspect vehicle continued around a turn after the officers gave chase and did not come to a halt until after the burglar tools had been thrown from the car; and there were two pairs of brown nylon gloves in the brown paper sack and two men in the suspect vehicle.

It is true this case lacks many of the factors which were present in previous Kansas cases. However, after reviewing the cases discussed in the annotations appearing in 103 A. L. R. 1313 and 33 A. L. R. 3d 798-918, we conclude the evidence was sufficient to raise a reasonable inference of guilt, including the necessary element of intent.

We have examined defendant's contention that the trial court erred in failing to enter a judgment of acquittal or in the alternative to grant a new trial. As to a motion for judgment of acquittal the rule may be found in *State v. Wilson & Wentworth*, 221 Kan. 359, 362, 559 P. 2d 374. In *State v. Lora*, 213 Kan. 184, 187, 515

P. 2d 1086, the rule is stated as to the sufficiency of evidence being reviewed on appeal in a criminal case. After applying these rules to the facts of the present case we find nothing to justify disturbing the judgment and sentence.

Before concluding this opinion we note the original record filed in this court failed to contain the matters counter-designated by appellee. The matters counter-designated were submitted later without an accompanying index. In addition, appellant's brief contains no index or table of contents and authorities relied on as required by Supreme Court Rule No. 6.02 (a) (formerly Rule No. 8 [b]). We will appreciate compliance with these rules and in the future sanctions may have to be imposed.

The judgment is affirmed.