(603 P.2d 1034)

No. 51,143

STATE OF KANSAS, *Appellee,* v. KEITH M. WRIGHT, *Appellant.*

Petition for review denied January 29, 1980.

Opinion filed December 14, 1979.

*Charles F. Forsyth,* of Erie, for appellant.

*Edwin H. Bideau III,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is a direct appeal by the defendant, Keith Wright, from his convictions of driving while under the influence of intoxicating liquor or drugs in violation of K.S.A. 1978 Supp. 8-1567 and failure to stop at a stop sign in violation of K.S.A. 8-1528.

On December 15, 1978, two Chanute police officers while on routine patrol at approximately 12:45 a.m. observed the defendant's automobile swerve out of its lane and into the parking area near the curb. The officers then proceeded to follow defendant's automobile and, after observing it run a stop sign, stopped defendant for a traffic violation. Upon detecting a strong odor of

alcohol and noting defendant's slurred speech, the officers requested that defendant perform two sobriety tests involving physical coordination. When he failed these tests, defendant was arrested for driving while under the influence of intoxicating liquor and was given a blood alcohol test which registered an alcoholic content of 0.19, well above the 0.10 statutory presumption of intoxication. The trial judge found defendant guilty of driving while under the influence of intoxicating liquor and failure to stop at a stop sign. On appeal, defendant raises three challenges to his convictions:

1. Did the police officers have probable cause to stop defendant's automobile and arrest him?

2. Did the trial court err in allowing the State to amend its complaint at trial?

3. Did the trial court err in permitting the police officer to refer to a copy of his police report while being cross-examined at trial?

Defendant's first point on appeal may be quickly dismissed based on his failure to properly preserve for appeal the question concerning lack of probable cause. Defenses and objections based on defects in the institution of the prosecution, such as probable cause for a warrantless arrest, may be raised only by motion before trial. *State v. Brocato,* 222 Kan. 201, 202, 563 P.2d 470 (1977); K.S.A. 22-3208. Here, there is no evidence in the record that defendant raised such a motion prior to trial or that he ever requested the trial court to set aside his implied waiver of the issue. This alone is sufficient authority upon which to dispose of the probable cause contention but an alternative ground exists. Not only did defendant fail to raise this question *before* trial, he also failed to argue the issue at any point *during* trial. It is well-settled that a litigant may not for the first time on appeal change the theory of his case from that on which it was presented to the trial court, nor may he present matters or issues which he did not bring to the attention of that court. *Goff v. American Savings Association,* 1 Kan. App. 2d 75, 78, 561 P.2d 897 (1977).

Moreover, even if this contention were to be considered upon the merits, we are of the opinion probable cause existed to support the officer's actions. The officers observed defendant's car swerve and later run a stop sign. Based on this observation, the officers had probable cause to stop the car and, when confronted with the strong odor of alcohol in the car plus the inability of

defendant to pass basic sobriety tests, there then existed adequate grounds upon which to make the arrest.

Defendant's second point on appeal alleges error in the trial court's decision to allow the State to amend its stop sign complaint at trial. The traffic ticket complaint issued at the scene charged defendant with running a stop sign at Third and Evergreen Streets in Chanute, Kansas. At trial, both arresting officers admitted that the stop sign had actually been located at Fourth and Evergreen and the trial court granted the State's motion to so amend the complaint. There is no stop sign at Third and Evergreen. The officers correctly described the physical characteristics of Fourth and Evergreen as being the place where the offense occurred. They further testified that Third Street becomes Fourth Street where the street makes a slight jog west of the intersection in question. Defendant contends this amendment was prejudicial to him because his defense was based on the fact that no stop sign existed at Third and Evergreen and that the amendment at trial allowed him inadequate time to prepare a defense.

The amendment of a criminal complaint is controlled by K.S.A. 1978 Supp. 22-3201(4): "The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." Defendant relies principally on the Kansas Supreme Court's interpretation of this statute in *State v. Johnson,* 223 Kan. 185, 573 P.2d 595 (1977). In that case, defendant's felony conviction for possession of a semi-automatic *pistol* was reversed because the trial court permitted the State to amend its original complaint charging defendant with possession of a *revolver* after all of the evidence was in. Two handguns, one pistol and one revolver, were found in different locations in the car driven by defendant at the time of his arrest. The court found that the defendant had structured his firearms defense around the *revolver* and its location in the car, and that amendment of the complaint to include the *pistol* after the case had already been argued to the jury destroyed his defense to the original charge without allowing him the opportunity to present his new defense, thereby prejudicing his substantial rights. In the case now before us, we find no such bar to defendant's defense; after the amendment he still had his right of cross-examination and his entire side of the trial to prepare a different defense strategy. Defendant, however, offered no new theory to the trial

court; in fact, he elected not to put on any witnesses at all. We find defendant's contention that the amendment occurred too late in the trial for him to react to be groundless given his failure to follow the normal procedure for surprise and request a continuance. See *State v. Ferguson,* 221 Kan. 103, 106, 558 P.2d 1092 (1976). In *State v. Rives,* 220 Kan. 141, 145, 551 P.2d 788 (1976), the Court indicates that it looks with suspicion on a defendant's claim of prejudice based on an amendment at trial when the reasons evidencing such prejudice are not advanced at the time the objection is lodged. Here, defendant failed to state at trial *why* he would be prejudiced by the amendment, he only argued that it would be unfair to his case.

Amendments to criminal complaints have been freely granted by the Kansas courts provided there has been no demonstrable prejudice. *State v. Bell,* 224 Kan. 105, 577 P.2d 1186 (1978); *State v. Ferguson,* 221 Kan. 103; *State v. Rives,* 220 Kan. 141; *State v. Osburn,* 216 Kan. 638, 533 P.2d 1229 (1975); *State v. Lamb,* 215 Kan. 795, 530 P.2d 20 (1974); *State v. Hill,* 211 Kan. 239, 505 P.2d 704 (1973). We find the trial court committed no error when it allowed the complaint to be amended at trial.

Defendant further alleges that the trial court erred in allowing the arresting officer, Jerry Carney, to refresh his recollection from his police report while he was being cross-examined as to events which had been recorded in the report. As support for this proposition, defendant directs our attention to K.S.A. 60-422(*a*) which states:

"[I]n examining the witness as to a statement made by him or her in writing inconsistent with any part of his or her testimony it shall not be necessary to show or read to the witness any part of the writing provided that if the judge deems it feasible the time and place of the writing and the name of the person addressed, if any, shall be indicated to the witness."

We find this statute to be inapplicable to the present case. K.S.A. 60-422(*a*) is designed to strengthen cross-examination by removing *from the cross-examining party* the burden of reading or showing a written prior inconsistent statement to the witness. It does not prohibit the witness from taking his own notes to the stand to aid in the recollection of pertinent events. In this case, the police report in question was originally in the possession of Officer Carney, was then taken from Officer Carney by defense counsel during cross-examination, and defense counsel now

complains because the trial court made him return it to Officer Carney. Defendant was not required to read or show a prior written statement to the witness; he was merely requested to allow the officer to refer to a copy of his own police report which the officer had previously used during direct examination.

We perceive the essence of defendant's argument to be that his right of cross-examination was thwarted because Officer Carney was permitted to refer to a copy of his police report while being examined as to some of its contents. Defendant cites no cases which support this rather novel argument and our research has also failed to turn up any authority substantiating the claim. It is difficult, however, to envision how defendant was prejudiced by the trial court's action. Defendant's counsel had in his possession the police report which Officer Carney had used on direct examination as was his right under K.S.A. 22-3213. See *State v. Johnson & Taylor,* 223 Kan. 119, Syl. ¶ 2, 573 P.2d 976 (1977). Consequently, he had before him the source of any potential impeaching material and he had complete freedom to inquire into any matter he deemed appropriate. Although it may be true, as defendant argues, that the witness's access to the report undermined some of the possible traps of cross-examination, it seems to us more logical that a witness who must refresh his recollection on direct examination in order to be able to testify does not automatically become able to testify without such aid on cross-examination. We have found no authority which states that a witness may use his notes on direct examination but must then give them up on cross-examination and we are of the opinion such a rule would place a witness at the mercy of the examiner. Years ago the Eighth Circuit Court of Appeals held that "[i]t would be practically impossible for officers, making daily investigations of alleged violations of law, to remember the names, dates, and what took place, without referring to notes made by them at the time or immediately thereafter." *Taylor v. United States,* 19 F.2d 813, 817 (8th Cir. 1927). Forcing an officer to undergo cross-examination without access to these notes would give the defense attorney an unfair advantage over the officer.

The decision as to whether or not memoranda may be used to refresh recollection is a matter left to the discretion of the trial judge. *United States v. Cranson,* 453 F.2d 123 (4th Cir. 1971); *State v. Gallagher,* 151 Mont. 501, 445 P.2d 45 (1968); 3 Wigmore

on Evidence § 765 (Chadbourn rev. 1970). One who claims abuse of discretion has the burden of proving that contention and, when reasonable persons could differ as to the propriety of the action taken by the trial court, it cannot be said that the trial court abused its discretion. *McColm v. Stegman,* 3 Kan. App. 2d 416, Syl. ¶ 2, 596 P.2d 167 (1979). Given the officer's need to consult the police report to determine what defendant had previously stated in regard to what he had been drinking, it can reasonably be said that Officer Carney could not adequately recall the case without using his report and the trial judge did not abuse his discretion in allowing him to use the report to refresh his recollection.

Affirmed.