Filed 8/4/14  Azar v. Escher CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| OMER AZAR,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ANAT ESCHER et al.,<br><br>Defendants and Respondents. | B248970<br><br>(Los Angeles County<br>Super. Ct. No. BC482410) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert L. Hess, Judge.  Reversed and remanded.

Hillel Chodos for Defendant and Appellant.

Law Offices of Benjamin Davidson, Benjamin Davidson for Defendants and Respondents.

_____

Plaintiff Omer Azar loaned money to his sister, defendant Anat Escher, on an oral promise that she would repay the debt within one year. When defendant failed to repay the loan, plaintiff sued. The trial court dismissed the lawsuit as untimely. We reverse. Defendant signed a promissory note before the statute of limitations expired on the oral promise, agreeing to be "bound until this note shall be fully repaid." The note is an unequivocal promise to repay the loan that extends the limitations period.

## FACTS AND PROCEDURAL HISTORY

On April 6, 2012, plaintiff filed suit.[1] He alleged that on October 14, 2008, he loaned defendant $100,000 (the Loan). Defendant orally promised to repay the Loan within 12 months, at an interest rate of 10 percent. Defendant did not repay the Loan, but gave repeated assurances of repayment. In January 2011, defendant signed a promissory note for $100,000 (the Note). Plaintiff worked for defendant. When plaintiff insisted on repayment of the Loan, defendant terminated his employment. Plaintiff asserted causes of action for breach of contract; money lent; money had and received; conversion; fraud; wrongful termination; and emotional distress.

A first amended complaint was followed by a second amended complaint. Defendant demurred, claiming that plaintiff's attempt to recoup the Loan is barred by a two-year statute of limitations for suing on oral contracts. The court sustained the demurrers with leave to amend.

Plaintiff filed a third amended complaint (TAC). He alleges that he was employed by defendant starting in 2005. In 2008, defendant aggressively demanded that plaintiff loan money for her business operations. Plaintiff reluctantly agreed to make the Loan in October 2008: he gave defendant a check for $100,000, with the word "loan" in the memo line. Defendant agreed to repay the Loan within 12 months with 10 percent

---

[1] Plaintiff also sued several business entities owned by Escher. For convenience, this opinion refers to the defendants collectively as "defendant" without deciding which, if any, of the business entities are liable.

2

interest. Defendant gave assurances of repayment after failing to satisfy the debt in October 2009, and convinced plaintiff not to pursue litigation to collect on the Loan.

In December 2010, defendant asked plaintiff to extend the Loan due date to February 28, 2012. In return, defendant agreed to allow plaintiff to live in an apartment she owned; pay plaintiff a salary; make plaintiff a business partner; and sell real property to repay the Loan. This is the "Modified Loan." Defendant acknowledged her continuing obligation to plaintiff in e-mails.

On January 29, 2011, the parties signed the Note, in which defendant affirmed her promise to repay plaintiff $100,000. The Note is an exhibit to the TAC. The TAC states that defendant has "confirmed and reaffirmed the Loan and the Modified Loan and the indebtedness to Plaintiff in numerous e-mails and writings." The e-mails and writings are not attached to the TAC as exhibits or set forth verbatim in the pleading.

Plaintiff asserts that defendant breached the Modified Loan on February 28, 2012, by refusing to repay the $100,000 debt with 10 percent interest. He is entitled to recover his attorney fees as stated in the Note. Defendant's nonpayment underlies all of plaintiff's claims. Defendant's repeated promises to repay the Loan induced plaintiff to make the Modified Loan and extend the repayment date. Defendant also promised to give plaintiff an ownership interest in her business, not reduce his salary, and allow him to live in an apartment she owns. Plaintiff reasonably relied on these promises; therefore, the doctrines of promissory estoppel and equitable estoppel prevent defendant from denying the existence of the Loan and the Modified Loan.

Defendant demurred to the TAC. She argued that an action on the Loan is time-barred; the terms of the Modified Loan are not in a writing signed by defendant; the Note contradicts the alleged oral modification; the statute of frauds was not satisfied; and plaintiff's remaining claims are derivative of his breach of contract claim. Defendant observed that the Note's integration clause forbids oral modifications. The trial court sustained the demurrers without leave to amend. On March 25, 2013, the court entered judgment for defendant.

3

Plaintiff filed an assortment of motions. He moved to vacate the order sustaining demurrers by correcting counsel's failure to attach e-mails and other documents to the TAC. His motion for a new trial states that counsel found "newly rediscovered e-mails" in her files. Plaintiff moved for reconsideration on April 26, 2013. The court denied plaintiff's motions. Plaintiff appeals from the judgment and the postjudgment order.

## DISCUSSION

Appeal lies from the judgment after demurrers are sustained without leave to amend. (Code Civ. Proc., § 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667; *Tanen v. Southwest Airlines Co.* (2010) 187 Cal.App.4th 1156, 1162.)[2] We review de novo the ruling on the demurrers, exercising our independent judgment to determine whether a cause of action has been stated. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We assume that the pleading's material allegations are true. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

### a. *Breach of Contract Claim*

Plaintiff agrees that a two-year limitations period applied to the original Loan, which arose from an oral agreement that defendant would repay the debt within one year. (§ 339(1).)[3] Defendant did not repay the Loan by October 14, 2009; plaintiff concedes that his claim accrued that day. As a result, he writes, the "action would [ ] normally have to have been brought by October 14, 2011."

Nevertheless, plaintiff contends that his lawsuit filed in April 2012 is timely because defendant signed a written acknowledgement of the debt. An acknowledgement or promise, "contained in some writing, signed by the party to be charged," evidences a

---

[2] Unlabeled statutory references in this opinion are to the Code of Civil Procedure.

[3] The two-year limitations period in section 339(1) applies to "[an] action upon a contract, obligation or liability not founded upon an instrument of writing."

4

continuing contract and extends the statute of limitations. (§ 360.)[4] "The acknowledgement of a debt before the statute has run does not create a new obligation but merely continues the old obligation through a new statutory period." (*Kaichen's Metal Mart, Inc. v. Ferro Cast Co.* (1995) 33 Cal.App.4th 8, 15.) In other words, "a debtor and creditor may without restriction, *if done before the statute of limitations has run*, agree to extend the statute of limitations." (*Ibid.*)

Plaintiff and defendant executed the Note on January 29, 2011, *before* the two-year statute for suing on the Loan expired on October 14, 2011. As a result, the Note continued the obligation created by the Loan. (§ 360.)

Defendant contends that the Note is insufficient because it does not specify the interest rate, a new due date, or a payment schedule. Section 360 "does not prescribe any form in which an acknowledgement or promise sufficient to lift the ban of the statute of limitations shall be made. It is sufficient if it shows the writer treats the indebtedness as subsisting, and one which the debtor is liable and willing to pay. From this acknowledgement the law implies the promise to pay." (*Searles v. Gonzalez* (1923) 191 Cal. 426, 430.)

The requirement of "some writing" under section 360 is generously interpreted. In one instance, a debtor wrote a letter "'To My Administrator'" in June 1942, acknowledging two notes—one from 1938 and one from 1942—in favor of the plaintiffs. The letter did not specify an interest rate, or a repayment schedule, or a due date, but states that "'[s]hould these notes be outstanding and unpaid at the time of my death, I desire that they be immediately paid out of my estate.'" The debtor died in August 1945. In 1946, the plaintiffs sued the decedent's estate to collect the debt; the estate asserted the statute of limitations in defense. (*Herman v. Brown* (1949) 91 Cal.App.2d 758, 758-759.)

---

[4] "No acknowledgement or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of [the statute of limitations], unless the same is contained in some writing, signed by the party to be charged . . . ." (§ 360.)

The court found that the letter of June 1942 "is an unequivocal and unqualified acknowledgement of the indebtedness here sued upon, signed by the debtor," sufficient under section 360 to interrupt the running of the statute. (*Id.* at p. 760.)

The exhibit to the pleadings entitled "Promissory Note" lists the "Borrower" as defendant, the "Lender" as plaintiff, the "Date" as 10/14/2008, the "Loan Amount" as $100,000.00, and contains a statement that defendant "agree[s] to remain fully bound until this note shall be fully paid . . . ." Defendant signed it on January 29, 2011. There is nothing ambiguous about the writing in this case. In fact, no writing could possibly be a clearer promise to pay a debt than a "promissory note." Under section 360, "[a] promise is plainly what the word imports, namely an engagement to pay the debt." (*Western Coal & Mining Co. v. Jones* (1946) 27 Cal.2d 819, 822.)

Even plaintiff's original complaint sufficiently alleges facts, in the form of the Note, showing an express, unqualified and unequivocal promise by defendant to repay the Loan. If needed, extrinsic and parol evidence may be introduced to clarify the terms of the parties' original agreement. (*Searles v. Gonzalez*, *supra*, 191 Cal. at pp. 430-431; *Lehman v. Newcomer* (1931) 118 Cal.App. 145, 147.)[5] Because the Note continues the obligation created by the Loan under section 360, the trier of fact could find that the same terms apply to both the Loan and the Note: repayment within one year with 10 percent interest.

The breach of contract claim is sufficient to survive demurrer. Section 360 tolled or renewed the statute of limitations because defendant signed a written promise to pay the outstanding debt of $100,000. Plaintiff has abandoned his claims under the so-called Modified Loan, and is now trying to simply collect on the Loan, as alleged in his

---

[5] For example, plaintiff offered the trial court an e-mail from defendant stating, "when you gave me the $100,000 I told you that I will give you 10% interest but you can forget about it! The way that you behave maybe I will add 5% interest and if you don't like it you can go to hell." Defendant denies any agreement in January 2011 to pay plaintiff $100,000. The pleading stage is not the time to resolve factual disputes, as we must accept the facts as pled.

perfectly adequate initial pleadings for breach of contract, before he added new allegations in an effort to counter the trial court's erroneous insistence that the Note was not enough to toll the statute of limitations.

   b. *Promissory or Equitable Estoppel Claim*

Estoppel is an equitable claim that may be deployed against the statute of limitations. "'[A] debtor who induces his creditor to defer action, by means of promises to pay the indebtedness or settle the claim, is estopped to plead the statute of limitations.'" (*Herman v. Brown*, *supra*, 91 Cal.App.2d at p. 761.)

"The doctrine of estoppel 'affirms that "a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct."'" (*Southern Cal. Edison Co. v. Public Utilities Com.* (2000) 85 Cal.App.4th 1086, 1110.) The elements are (1) the party to be estopped is apprised of the facts; (2) it must intend that its conduct will be acted upon, or act so that the party asserting estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true facts; and (4) the other party must rely upon the conduct to his detriment. (*Ibid.*; See *C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 6 [promissory estoppel is an equitable doctrine for enforcing promises that "'the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee'"].)

A defendant "'will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by . . . *inducing plaintiff to believe that an amicable adjustment of the claim will be made without suit*, or by other forbearance to sue induced by defendant . . . .' . . . [¶] . . . Where the delay in commencing action is induced by the conduct of the offending party it cannot be availed of by him as a defense. [Citation.] Nor is it necessary that the promisor shall sign a written agreement to waive the statute of limitations to bar him from subsequently repudiating his agreement." (*Miles v. Bank of America etc. Assn.* (1936) 17 Cal.App.2d 389, 398.) In short, to create an estoppel, "'it is enough if the party

has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss.'" (*Id.* at pp. 398-399.)

Plaintiff alleges that defendant made repeated, unambiguous promises to repay the Loan. In reliance on defendant's promises, plaintiff agreed to extend the due date for repayment of the Loan. The TAC is not a model pleading. It fails to assert that plaintiff's reliance on the Note and other promises induced him not to sue to collect the Loan before the two-year statute of limitations expired.

If demurrers are sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) There is a reasonable possibility that plaintiff can amend his pleading to clearly allege that reliance on the Note induced him not to sue on the Loan during the two-year statutory period.[6]

## DISPOSITION

The judgment is reversed and the case is remanded for further proceedings. Respondents are ordered to bear appellant's costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.          CHAVEZ, J.

---

[6]    We do not reach the viability of plaintiff's other claims as they are derivative and simply repeat alternative ways to collect on the Loan.

8