NOT DESIGNATED FOR PUBLICATION

No. 122,537

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN LEE WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Franklin District Court; SHANNON D. RUSH, magistrate judge. Opinion filed July 9, 2021. Affirmed.

*John A. Boyd* and *Darby VanHoutan*, legal intern, of Harris Kelsey, Chtd., of Ottawa, for appellant.

*Tara N. Athmer*, assistant county attorney, *Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

PER CURIAM: After police officers showed up at his house to arrest him for domestic battery, Kevin Lee Williams slammed the door in their faces because they lacked an arrest warrant. After Williams ignored the officers' repeated commands to open the door and because of their concern for the safety of another person in the house with Williams, the officers kicked down the door, tasered Williams after he refused commands to lie on the ground, and arrested him. Williams was ultimately charged with interference

1

with law enforcement. At trial, Williams requested a jury instruction which would have informed the jury that he had a constitutional right to require the police to have a warrant before they could enter his home and that his refusal to let law enforcement in without one could not provide the basis for a conviction of interference with law enforcement. The district court rejected Williams' instruction, and the jury convicted him. Williams now appeals, claiming the district court erred. Because Williams' proposed jury instruction did not accurately state the law, the district court did not err in refusing to give such an instruction. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On the evening of February 5, 2019, Officer Casey Gillmore and Sergeant Brian Luft of the Ottawa Police Department drove to Williams' house to make a probable cause arrest for domestic battery. The officers knocked on Williams' door and announced themselves. Williams shouted back and asked what they wanted before eventually opening the front door. The officers informed Williams he was under arrest for domestic battery. Williams continued to ask why the officers were at his house. Eventually, Williams slammed his steel door closed and locked it. After Williams shut the door, the officers became concerned because they could not see what Williams was doing and could hear another person's voice inside.

Given Williams' presence in the house, the violent nature of the domestic battery charge, and their own safety concerns, the officers decided to enter the house to arrest Williams. It took several attempts for Gillmore to kick down Williams' door, but he was eventually successful. While Gillmore tried to kick down the door, both officers continued to give Williams commands to open the door. Once in Williams' home, the officers saw Williams standing next to a female minor. The officers ordered Williams to the ground multiple times, but he refused to comply. Williams asked the officers if they had a warrant. Due to Williams' noncompliance, Gillmore warned Williams several times

2

that he would deploy his taser and then did so when Williams continued to refuse to get on the ground. The taser brought Williams to the ground, and he was arrested.

The State charged Williams with interference with law enforcement, a class A nonperson misdemeanor. The case proceeded to a jury trial. At the jury instructions conference, Williams requested an additional instruction:

> "A person has a constitutional right to require police get a warrant before allowing them into their home. Refusal to allow police into the defendant's home and a demand to see a warrant, by themselves, cannot constitute the crime of interference with law enforcement.

> "United States Const. Amd. IV; State v. Platten, [225] Kan. 764 (1979)."

Williams argued the officers were mistaken in their authority to enter his home without a warrant. The State argued the officers could enter because they had probable cause to arrest Williams and exigent circumstances existed to justify the officers' warrantless entry into Williams' home. The district court agreed and denied the instruction.

The jury found Williams guilty of interference with law enforcement, and the district court sentenced Williams to 90 days in the county jail.

Williams timely appeals.

### DID THE DISTRICT COURT ERR WHEN IT DENIED WILLIAMS' PROPOSED JURY INSTRUCTION?

Williams' only argument on appeal is that the district court erred when it denied his proposed jury instruction that a person has a constitutional right to require law

enforcement to obtain a warrant before entering a person's home. Williams asserts he was entitled to this instruction because it was central to his theory of defense and without it the jury could not understand he was exercising his constitutional right to be free from unreasonable searches and seizures in his own home. The State responds that the interference with law enforcement jury instruction came from the Pattern Instructions for Kansas (PIK) and clearly explained the crime's elements.

*Standard of Review*

> "'For jury instruction issues, the progression of analysis and corresponding standards of review on appeal are: (1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).'" *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 (2015).

The first and last steps are interrelated because preservation of the issue affects the reversibility inquiry. *State v. Bolze-Sann*, 302 Kan. 198, 209, 352 P.3d 511 (2015). If the district court erred in denying a proposed instruction and the error did not violate a constitutional right, the error will be reversed only if there is a reasonable probability the error affected the outcome of the trial in light of the entire record. *State v. Louis*, 305 Kan. 453, 457, 384 P.3d 1 (2016).

A criminal defendant is generally entitled to instructions on the law applicable to his or her theory of defense if sufficient evidence exists for a rational fact-finder to find

for the defendant on that theory. If the defendant requested an instruction at trial, as Williams did here, we must view the evidence in the light most favorable to the defendant. *State v. Dupree*, 304 Kan. 377, 397, 373 P.3d 811 (2016). We must also consider the instructions as a whole when reviewing a challenge to the jury instructions. 304 Kan. at 394.

*Analysis*

The State charged Williams with interference with law enforcement under K.S.A. 2018 Supp. 21-5904(a)(3), for "knowingly obstructing, resisting or opposing" a law enforcement officer in performing his or her official duty.

At trial, the district court instructed the jury on the elements of interference with law enforcement, following the PIK as recommended by our Supreme Court:

"The defendant is charged with interference with law enforcement by obstructing official duty. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. *Sgt. B. Luft and/or Officer C. Gillmore* were discharging an official duty, namely *investigating a crime*.

"2. The defendant knowingly obstructed, resisted, or opposed *Sgt. B. Luft and/or Officer C. Gillmore* in discharging that official duty.

"3. The act of the defendant substantially hindered or increased the burden of the officer in the performance of the officer's official duty.

"4. At the time the defendant knew or should have known that *Sgt. B. Luft and/or Officer C. Gillmore* were law enforcement officers.

5

"5. This act occurred on or about the 5th day of February, 2019, in Franklin County, Kansas."

See PIK Crim. 4th 59.040 (2019 Supp.); see also *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018) ("'We strongly recommend the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions.'").

At the instructions conference, Williams proposed an additional jury instruction. Williams wanted the jury to be instructed on his constitutional right to require police to obtain a warrant before entering his home:

"A person has a constitutional right to require police get a warrant before allowing them into their home. Refusal to allow police into the defendant's home and a demand to see a warrant, by themselves, cannot constitute the crime of interference with law enforcement.

"United States Const. Amd. IV; State v. Platten, [225] Kan. 764 (1979)."

Williams argued the instruction accurately reflected the law and the evidence supported giving it. Williams also argued the instruction cleared up testimony from the officers and correctly instructed the jury that Williams was not committing a crime by requiring the officers to get a warrant before allowing them into the house. The State argued this issue should have been raised in a suppression hearing or motion to dismiss. The district court denied the proposed jury instruction, finding it unnecessary.

Because Williams asked for his proposed instruction at trial, he preserved the issue. See K.S.A. 2020 Supp. 22-3414(3). Thus, we now examine whether the instruction was legally and factually appropriate.

To determine whether an instruction is legally appropriate, we must decide whether the instruction "'properly and fairly stated the law as applied to the facts of the case'" and whether it could have "'reasonably misled the jury.'" *State v. Bernhardt*, 304 Kan. 460, 469, 372 P.3d 1161 (2016). A trial court has the duty to define the charged offense in the jury instructions and inform the jury of every essential element of that crime. *Butler*, 307 Kan. at 847.

Williams asserts the instruction was legally appropriate because it would have helped give the jury a full and accurate picture of the law. But his proposed instruction was not a full or accurate description of the applicable law. In fact, the case cited in his proposed jury instruction, *State v. Platten*, 225 Kan. 764, 594 P.2d 201 (1979), provides a helpful example. In *Platten*, the Kansas Supreme Court noted that the United States Supreme Court had held a warrantless entry into a person's house to arrest that person based on probable cause is per se unreasonable absent "'one of a number of well-defined "exigent circumstances."'" 225 Kan. at 768; see *Coolidge v. New Hampshire*, 403 U.S. 443, 477-78, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971). The Fourth Amendment to the United States Constitution requires an arrest warrant to enter a person's home to arrest that person "unless exigent circumstances exist to justify the warrantless intrusion." *Platten*, 225 Kan. at 769.

Williams' proposed instruction was not legally appropriate because it highlights the wrong actor, focusing on the homeowner's authority to refuse entry instead of the law enforcement officer's duty to obtain the warrant. Also, and perhaps more significant, the proposed instruction omits the exception to the warrant requirement for exigent circumstances. Both law enforcement officers testified about their belief that exigent circumstances existed.

Finally, Williams' proposed instruction improperly directs the jury to make a legal conclusion instead of the court. The jury is the finder of fact, applying the facts to the

7

relevant law. *State v. Ingham*, 308 Kan. 1466, 1474, 430 P.3d 931 (2018); *State v. Stieben*, 292 Kan. 533, 537, 256 P.3d 796 (2011). The determination of issues of law is the duty of the court. *State v. Love*, 305 Kan. 716, 735, 387 P.3d 820 (2017). Williams' proposed instruction would have first required the jury to determine whether the officers could enter Williams' home without a warrant in order to decide whether Williams interfered with law enforcement by shutting his door and barring entry. In other words, Williams' instruction would have asked the jury to decide if exigent circumstances existed to justify the officers' warrantless entry into Williams' home—a legal question to be answered by the court, not the jury. See *State v. Sanchez-Loredo*, 294 Kan. 50, 54, 272 P.3d 34 (2012). Because the existence of exigent circumstances justifying the officers' entry into the home without a warrant was a legal question to be decided by the district court, Williams should have asked it to resolve this issue before trial. See *State v. Wright*, 4 Kan. App. 2d 196, 197, 603 P.2d 1034 (1979). We express no opinion on whether Wiliams' argument would have had merit had a pretrial motion been filed; that question is not before us. Unfortunately for Williams, he chose not to file a pretrial motion for the court to decide this legal question, and he could not overcome this failure by bringing the issue to the jury.

Because Williams' proposed jury instruction was not an accurate statement of the law and it would have required the jury to decide a question of law, it was not legally appropriate. Thus, the district court did not err in refusing to give the instruction.

Affirmed.